## McLAURIN v. McLAUCHLIN et al.

### (Circuit Court of Appeals, Fourth Circuit.   May 5, 1914.)

### No. 1221.

1. ARBITRATION AND AWARD (§ 7*)—AGREEMENT TO ARBITRATE—CONSTRUCTION.
    An arbitration under an agreement which, although stating that it is under a statute, differs materially from the requirements of the statute is a common-law arbitration.
    [Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. § 28;  Dec. Dig. § 7.*]

2. ARBITRATION AND AWARD (§ 78*)—SUIT TO SET ASIDE AWARD—JURISDICTION OF EQUITY.
    A court of equity has power to set aside the award in a common-law arbitration because of misconduct or mistake on the part of the arbitrators.
    [Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. §§ 409–419;  Dec. Dig. § 78.*
    Setting aside award for interest, prejudice, or misconduct of arbitrators, see note to Nolan v. Colorado Cent. Consol. Min. Co., 12 C. C. A. 592.]

3. ARBITRATION AND AWARD (§ 78*)—SETTING ASIDE AWARD—GROUNDS.
    The refusal of arbitrators to receive evidence on one of the principal questions of fact in controversy is ground for setting aside their award, and actual prejudice from such action need not be proved.
    [Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. §§ 409–419;  Dec. Dig. § 78.*]

Appeal from the District Court of the United States for the Eastern District of South Carolina, at Charleston;  Henry A. Middleton Smith, Judge.

Suit in equity by W. B. McLauchlin, as receiver of the Linson Lumber Company and as an individual, and J. W. McLauchlin against H. J. McLaurin, Jr.   Decree for complainants, and defendant appeals. Affirmed.

R. O. Purdy, of Sumter, S. C. (R. D. Lee, of Sumter, S. C., on the brief), for appellant.

C. L. Prince, of Cheraw, S. C. (W. F. Stevenson, of Cheraw, S. C., on the brief), for appellees.

Before KNAPP and WOODS, Circuit Judges, and DAYTON, District Judge.

KNAPP, Circuit Judge.   The decree from which this appeal is taken sets aside the award made in an arbitration of certain differences between the parties thereto, because "the refusal of the arbitrators to hear the evidence offered by the Linson Lumber Company on the question of the amount of wastage was in violation of the rules of law governing the conduct of arbitrators."

It appears from the record that in December, 1906, the appellant McLaurin conveyed to the McLauchlins and one Johnson the standing timber on a tract of land near Maysville, in Sumter county, S. C. The purchasers organized a corporation, known as the Linson Lumber Company, to which their rights were transferred, and this company

undertook to carry out the agreement under which the timber was acquired. McLaurin guaranteed that this timber would yield 17,000,000 feet of manufactured lumber, and he was to be paid therefor at the rate of $2 per thousand feet.

Before all the timber was removed, various disputes arose, which the parties agreed to submit to arbitration. The several matters in controversy related to the quantity of timber actually delivered under the contract, the quantity then remaining in the woods uncut, and the quantity alleged to have been wasted or lost by improper and negligent methods of operation. The latter proved to be the main subject of contention. In March, 1910, the arbitrators chosen made their award, one of them dissenting from certain conclusions of the majority, and in May following this award was filed with the clerk of court for Sumter county. Afterwards, W. B. McLauchlin, who had been appointed receiver of the Linson Lumber Company, brought suit as such receiver against McLaurin, in the United States Court in South Carolina, to recover damages for alleged breach of the timber contract. McLaurin set up the award of the arbitrators as a defense to this suit, and also commenced an action, in the United States Court in North Carolina, against McLauchlin and the other parties to whom he had sold the timber in question. Subsequently this suit was instituted to set aside the award; the amended bill of complaint being filed in September, 1912. An order was made restraining McLaurin from setting up or relying upon the award in the law courts, pending this suit in equity, and the actions mentioned were stayed until the hearing of the equity cause. The case was heard in open court by the District Judge for the District of South Carolina, and a decree made setting aside the entire award for the reason above stated.

[1] In the agreement to arbitrate it was provided that the differences therein set forth should be submitted to arbitration under section 2849 of the Civil Code of 1902 of South Carolina. But the agreement shows on its face that this statute was disregarded or not complied with in two important particulars, namely, by expressly waiving the bond which the statute requires each party to give, and by stipulating that the award should be final and binding without appeal, although the statute provides that either party shall have the right of appeal to the Circuit Court of the state. The effect of these departures from the scheme of arbitration established by the Civil Code was to eliminate the essential difference between that method of arbitration and the method of an ordinary common-law arbitration. The nature of the proceeding is not determined by what the parties call it but by the plan they actually adopt for the settlement of their disputes. Since the plan in this case not only differs materially from the plan of the South Carolina statute but conforms substantially to a common-law arbitration, it must be held to be of the latter class and dealt with accordingly. In our judgment, however, the case does not turn upon this point, because we apprehend that the grounds upon which the award in suit was set aside would be equally sufficient, if the facts warranted, to invalidate the award in an arbitration in full accordance with the statute in question.

[2] It is not open to doubt that a court of equity has power to set aside the award in a common-law arbitration, or in such an arbitration as is here considered, whatever its proper description, because of misconduct or mistake on the part of the arbitrators. The circumstances under which and the grounds upon which an award may be declared invalid are quite fully discussed in the opinion of the learned District Judge, and we find no occasion for disagreeing with the views expressed by him in that regard. For this reason, and because the rules thus laid down for the conduct of arbitrators seem to be accepted without dissent by appellant's counsel, we deem it unnecessary to further discuss the general principles of law involved in the controversy here presented.

Obviously, as appears to us, the controlling question in this case is a pure question of fact. The appellees assert that the arbitrators, or a majority of them, refused to receive evidence which they were prepared to submit relating to the amount of timber which had been lost by improvident and wasteful methods of cutting, and for which appellant claimed credit as timber standing on the land when he made the contract of sale. The appellant denies that there was any such refusal, and insists, on the contrary, that opportunity to offer proof was afforded and declined. The learned District Judge, who had the witnesses before him and heard them testify, decided this issue of fact in favor of appellees, and his reasons are set forth in an extended analysis of the contention and testimony which appears in his opinion. We are persuaded that this conclusion was not unwarranted. The record discloses substantial evidence, to say the least, in support of the finding, and there is plainly no such preponderance of opposing proof as would justify this court in holding that a contrary conclusion was required. For the purposes of this appeal, it must be accepted that the arbitrators refused to hear testimony which the appellees desired to introduce upon the principal matter in dispute.

[3] But appellant's counsel argue that the resulting decree is nevertheless erroneous, because no attempt was made to show that the rejected evidence, if received, would have influenced the arbitrators to a different decision, or had any tendency to affect their judgment, and therefore it does not appear that the appellees were in any wise prejudiced by the refusal. In our opinion this is quite beside the mark. Whether the arbitrators would have regarded the excluded proof as important and persuasive, or as wholly without probative value, is not now material. The award in suit is assailed, and has been set aside by the trial court, not because the action of the arbitrators was shown to be prejudicial, but because that action, however honest and well-intentioned, was in disregard of a primary obligation and operated to deprive the appellees of their fundamental right to produce evidence in support of their contention. In a case like this, where the matter in dispute is the proper subject of testimony, the refusal to hear witnesses raises a presumption of partiality at variance with the central idea of arbitration, namely, the submission of a controversy to impartial determination. In such a case, if the facts justify, the aggrieved party has an undoubted right to have the award declared invalid, and

a suit for that purpose may be maintained without proof that the rejected testimony was calculated to produce a different result.    This appears to be the settled rule of law everywhere, so far as we are advised, not less in South Carolina than in other jurisdictions.    Indeed, the principle is very clearly stated in a South Carolina case (Shinnie v. Coil, 1 McCord Eq. 478, 482), decided in 1826 and frequently cited with approval, in which a number of the prior English cases are reviewed and the whole subject discussed at length.    The gist of the opinion is expressed in the following quotation:

"But there are nevertheless certain limits beyond which even arbitrators are not permitted to dispense with the rules of law. There are certain fundamental rules for the trial of causes, the disregard of which by any tribunal, however organized, will render their proceedings null and void. Among these are the right of a party to have notice of the time and place of trial; to have an opportunity to produce his testimony; to know and have an opportunity to rebut the testimony offered against him."

For reasons already stated, it must be held on this appeal that the fact of refusal to receive evidence has been established, and it follows, therefore, that the pending suit is maintainable without proof of actual prejudice because the law presumes that such refusal is a violation of appellee's rights for which the award may be annulled.

It is also contended by appellant that it was error to set aside the entire award, for the reason that the several matters submitted to arbitration are separable from each other and could be independently decided; that the testimony offered and rejected related to only one of the disputed questions, namely, the amount of wastage in cutting; that, even if the action of the arbitrators was improper as respects this particular item, there is no indication of bias or partiality on their part in dealing with the other issues, as to which no evidence was offered by appellees; and therefore the award should be sustained except as to the finding which may have been affected by the refusal to receive testimony.    The opposing argument, among other things, asserts that awards have been held partly valid and partly invalid only in cases where the arbitrators exceeded their authority, as, for example, by deciding a question not embraced in the submission; that in such a case the authorized portion may be sustained and the unauthorized set aside; but that refusal to hear witnesses renders the entire proceeding void, even if separable matters are passed upon, because such refusal takes away the inherent right upon which arbitration is founded.

Whether this distinction, which finds apparent support in the decisions consulted, is based upon sound and controlling principle, or is rather in the nature of a coincidence, need not now be determined. However that may be, we are satisfied that the questions submitted in this case are so related and interdependent that the findings of the arbitrators cannot be separated, by setting aside the most important and sustaining the others, without at least the risk of injustice.    The principal matter in controversy was the quantity of timber alleged to have been wasted, and the ruling which invalidates the finding upon that issue requires, in our judgment, the annulment of the entire award.

In thus deciding, no reflection is cast upon the integrity and good faith of the arbitrators.    We assume that they are men of character

and standing who honestly believed that the report of the estimators and their own investigations enabled them to reach correct conclusions without the aid of other evidence. Holding this opinion, they declined to hear the testimony which appellees were prepared to offer; and this must be held to be a mistake which vitiates their award.

A careful examination of the record discloses no ground of reversal, and the decree appealed from is therefore affirmed.