## SIMMONS et al. v. PEAVY–WELSH LUMBER CO.

### No. 9269.

Circuit Court of Appeals, Fifth Circuit.

July 23, 1940.

For former opinion, see 112 F.2d 662.

Edgar J. Oliver and Dunbar Harrison, both of Savannah, Ga., for appellant.

A. B. Lovett, of Savannah, Ga., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is an action for broker's commissions alleged to have been earned in connection with the sale of timbered lands. The law of Georgia is clearly applicable to the controverted issues. This is undisputed, the only question presented being whether or not there was a contract, express or implied, for the payment of commissions.

The court below sustained a motion to dismiss, which raises an issue of law as to the sufficiency of the well-pleaded allegations of the complaint. The original petition was filed before the new federal rules of civil procedure became effective, but the court, finding no injustice would result, let the case proceed under the new rules, pursuant to Rule 86, 28 U.S.C.A. following section 723c. It was the duty of the court to construe the pleadings so as to effectuate substantial justice. Rule 8(f).

The complaint is in two counts, the first alleging an express contract to pay a commission of three per cent of the value of the land sold, the second alleging an implied contract to pay the reasonable value of the services rendered. It is true that both counts, well pleaded, might have been written on a page, so as to withstand the motion to dismiss, but appellant did not choose this method of pleading. The complaint and exhibits, with amendments, cover eighty printed pages, and comprise almost the entire record on appeal. The facts and circumstances are set forth in great detail, and general averments are repeatedly followed with an allegation that "all this will more fully appear" from a certain letter of a given date, copy of which is attached and made a part of the petition. We accept as true all of the well pleaded allegations of fact, but look to the exhibits themselves for the contents thereof.

Appellant now argues that, under Rule 8, it takes very little to state a valid claim, and says all that is needed is a short and plain statement showing that the pleader is entitled to relief. We heartily agree to this, and, if appellant had practiced accordingly, much labor might have been

saved; but this course was not followed, even as to amendments made after the new rules became effective. No exhibits were ever stricken from the complaint, although the court below urged the plaintiff's counsel to indicate definitely each and every part of the exhibits relied upon as making a contract. In response to this, there was a further amendment presented by which twenty-one of the twenty-four exhibits, formerly a part of the petition, were reasserted in abbreviated form. In a brief accompanying the amendment, appellant's counsel indicated that "all the letters attached to the amendment" either made the contract or showed that one had been made. The court below held that these letters not only did not show an express contract, but refuted the inference of an implied one.

This is not a case where the plaintiff has pleaded too little, but where he has pleaded too much and has refuted his own allegations by setting forth the evidence relied on to sustain them. The appellant was not content to make a short and plain statement of the facts, but undertook to plead evidentiary facts in detail. The motion to dismiss admits these facts to be true, but denies their legal effect. The court below held that the written correspondence, submitted by appellant, made it clear that there was no liability under either count. Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control.

The litigant may be defeated by his own evidence, the pleader by his own exhibits; the appellant has become enmeshed in his own prolixity. It is apparent that appellant is relying on the letters to show a contract, express or implied. The allegations about oral transactions do not establish the contract as claimed below or as asserted here. The gist of the matter is, as stated in one of the letters, that appellant wished to be of service to appellee in the disposal of its timber, but was not in a position at that time to assist in selling all of it, land included, since he could not find any one interested in the proposition. The final letter from appellee, dated February 3, 1936, shows clearly the absence of any contract, express or implied. In that letter, appellee restated that it was not "giving any options or entering into any contracts or agreements with any agent on this timber in whole or in part, further than to say that if an offer is submitted to us on any part of the holdings we will give it con-

sideration, * * * we are not tying the property up with any one and must remain free to make finished business on the tract or subdivisions thereof when the time comes."

This letter was presented to the court below as an exhibit to the original petition, is abstracted in the final amendment to the pleadings, and is referred to by the appellant as one of the letters "which indicate either an admitted or ratified contract." There can be no doubt that it was written by appellee and received by appellant as a part of the negotiations. On a motion to dismiss, it became the duty of the court below to construe this letter and determine its legal effect. In so doing, we think no error was committed.

As neither of the judges who concurred in the decision of the court is of the opinion that the petition for a rehearing should be granted, the same is hereby overruled.