## CONLEY v. SAN CARLO OPERA CO.
### No. 228, Docket 20543.

Circuit Court of Appeals, Second Circuit.
June 11, 1947.

Gins & Massler, of New York City, (Montrose H. Massler, of New York City, of counsel), for appellant.

Max Schoengold, of New York City, for appellee.

Before SWAN, AUGUSTUS N. HAND and FRANK, Circuit Judges.

PER CURIAM.

This appeal presents the question whether the district court has jurisdiction under the Arbitration Act, Title 9 of the United States Code Annotated, § 1 et seq., to entertain an application to disqualify arbitrators from continuing to act as such in a dispute arising under a contract whereby Conley granted to San Carlo Opera Company "an irrevocable option" to obtain his exclusive services as a tenor singer of leading roles in grand opera for a period of three years commencing upon the exercise of the option by the Company. The contract provided that any controversy should be settled by arbitration in accordance with the rules of the American Arbitration Association and "judgment upon the award rendered may be entered in the highest court of the Forum, State or Federal, having jurisdiction." A controversy having arisen between the contracting parties, each appointed an arbitrator and a third arbitrator was designated by the American Arbitration Association. Thereafter Conley filed a protest with the Association, challenging the qualifications of two of the three arbitrators. A hearing upon the protest was had before the appropriate committee of the Association and the committee ruled that there was no evidence of disqualification of either of the protested arbitrators. Thereupon the present proceeding was brought in the district court, resulting in the order on appeal which dismissed the appellant's application to disqualify the arbitrators and vacated the order to show cause and the stay of arbitration contained therein.

We have nothing to add to Judge Leibell's discussion of the question of jurisdiction. He thought that decision was controlled by Federal Baseball Club v. National League, 259 U.S. 200, 42 S.Ct. 465, 66 L.Ed. 898, 26 A.L.R. 357, and Hart v. B. F. Keith Vaudeville Exchange, 2 Cir., 12 F.2d 341, 67 A.L.R. 775, certiorari denied 273 U.S. 704, 47 S.Ct. 98, 71 L.Ed. 849. We concur. This court intimated in Ring v. Spina, 2 Cir., 148 F.2d 647, 650, that these authorities should not be applied "beyond their exact facts," but in the case at bar it is unnecessary to do so; they are precisely in point. Judgment affirmed.