## MILK AND ICE CREAM DRIVERS AND DAIRY EMPLOYEES UNION, LOCAL NO. 98 et al. v. GILLESPIE MILK PRODUCTS CORP.

### No. 11746.

United States Court of Appeals
Sixth Circuit.
April 11, 1953.

J. W. Brown, Cincinnati, Ohio, J. W. Brown and Benjamin Gettler, Cincinnati, Ohio, on the brief, for appellants.

Louis J. Schneider, Jr., Cincinnati, Ohio, Charles F. Hartsock and Louis J. Schneider, Jr., Cincinnati, Ohio, on the brief, for appellees.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

The district court sustained the motion of the appellee corporation to dismiss the complaint of the appellant A. F. of L. Union, upon the ground that the complainant's prayer for injunction must be denied by compulsion of the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq. The complaint sought an injunction against the corporation from violating a collective bargaining agreement with the union in its refusal to abide by and give effect to the decision and award of a duly constituted arbitrator directing reinstatement, with back-pay, of certain employees of the appellee company.

The appellee defends the judgment below on the grounds that section 301(a) of the Labor Management Relations Act, 29 U.S.C.A. § 141 et seq., does not authorize a federal district court to grant injunctive relief in a suit brought under that Act; that the Federal Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, does not authorize such court to interpret a labor contract and issue an injunction to enforce it under section 301(a) of the Taft-Hartley Act; and that the Norris-LaGuardia Act prohibits a United States District Court from enjoining an employer from violating a labor contract.

■■ The first two propositions have been decided by this court contrary to the first two contentions of the appellee and, by inference, against its third proposition. In American Federation of Labor v. Western Union Telegraph Co., 6 Cir., 179 F.2d 535, we reversed the dismissal, by *ipse dixit* order entered by the district judge, of an action brought by the labor union against the telegraph company for a declaratory judgment concerning a pension plan set up by a collective bargaining agreement between the parties and seeking a permanent injunction against the employer from breaching and violating provisions of such pension plan, in so far as it affected a named employee or any other employee represented by the union. We held that the complaint stated a cause of action within the jurisdiction of the district court under the Labor Management Relations Act and the Federal Declaratory Judgment Act. That case is indistinguishable in principle from the case at bar. Although the Norris-LaGuardia Act was not under discussion, our opinion carried the necessary implication that the Act did not forbid the granting of the character of relief prayed.

■ We think the unqualified use of the word "suits" in the Labor Management Relations Act authorizes injunctive process for the full enforcement of the substantive rights created by section 301(a), which reads: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

In a case closely analogous to that at bar, the district judge cited our opinion in the Western Union case, supra, and granted injunctive relief. See Textile Workers Union v. Aleo Manufacturing Co., D.C.M.D.N.C., 94 F.Supp. 626. Cf. Mountain States Division No. 17 v. Mountain States Telephone and Telegraph Company, D.C.Colo., 81 F. Supp. 397; Commercial Telegraphers' Union A. F. L. v. Western Union Telegraph Co., Inc., D.C., 53 F.Supp. 90; and Studio Carpenters Local Union No. 946 v. Loew's, Inc., D.C.S.D.Cal., 84 F.Supp. 675.

In Milk Wagon Drivers' Union, Local No. 753 v. Lake Valley Farm Products, Inc., 311 U.S. 91, 61 S.Ct. 122, 85 L.Ed. 63, the only case cited in the letter of the district judge to the attorneys wherein he stated his conclusions, a "labor dispute" within the meaning of the Norris-LaGuardia Act was found to exist. The case is dissimilar on its facts to the situation which we presently confront. Moreover, the appropriate procedural requirements had not been met. In our judgment, the case is not in point. The brief of appellee does not even cite it.

The order of dismissal entered by the district court is reversed; and the cause is remanded for trial on its merits.