The MENGEL COMPANY, Appellant,

v.

NASHVILLE PAPER PRODUCTS AND SPECIALTY WORKERS UNION, NO. 513, an unincorporated Labor Organization, and John Nelson Cook, Appellees. No. 12260.

United States Court of Appeals Sixth Circuit.

April 16, 1955.

Stewart, Circuit Judge, dissented.

James U. Smith, Jr., Louisville, Ky. (K. Harlan Dodson, Jr., Nashville, Tenn., on the brief), for appellant.

Herbert S. Thatcher, Washington, D. C., (John S. McLellan, Hugh E. Reams, Kingsport, Tenn., on the brief; Minter, McLellan, Tipton, Kingsport, Tenn., of counsel), for appellees.

Before McALLISTER, MILLER and STEWART, Circuit Judges.

MILLER, Circuit Judge.

Appellant filed this declaratory judgment action under the provisions of Sec. 2201, Title 28 U.S.Code, asking that an arbitration award, claimed by appellees to have been made pursuant to the provisions of a collective bargaining contract, be declared invalid. The District Judge sustained appellees' motion to dismiss.

Appellant, The Mengel Company, hereinafter referred to as Mengel, operates a corrugated box manufacturing plant in Nashville, Tennessee. Appellee, John N. Cook, was an employee at that plant. Appellee, Nashville Paper Products and Specialty Workers Union No. 513, hereinafter referred to as the Union, has been for a number of years the collective bargaining agent of the production and maintenance employees at this plant.

Mengel and the Union entered into a collective bargaining contract covering the period of September 14, 1952 to September 14, 1953. On June 8, 1953, Mengel discharged Cook from its employ. The Union demanded that Mengel reinstate Cook, claiming that he had been discharged without cause. Mengel refused to reinstate Cook for the reasons— (1) that Cook's employment was an employment at the will of either party and nothing in the collective bargaining contract limited or impaired Mengel's right to terminate the employment relationship at any time with or without cause, and (2) that, in any event, Mengel had ample cause to discharge Cook.

With respect to the first of these contentions there appears to be only three provisions in the collective bargaining contract that refer to the discharge of an employee.

Article IX provides: "No employee shall be discharged or discriminated against because of his lawful Union activities, not inconsistent with this Agreement." No contention is made by appellees that this provision was violated.

Article XII deals with vacations. The various sections thereof state the rules governing eligibility therefor, provide for the length of vacations based on length of service, and deal with the time, and priority among employees when vacations should be taken. Section 8 of Article XII provides: "When an employee who is eligible for vacation is laid off for an indefinite period, or quits, or is discharged, the vacation allowance accrued, if any, will be paid at the time of such termination or lay-off." Section 11 of Article XII provides—"An employee who has or does quit, or who has been discharged for cause, or who takes an unauthorized leave of absence, shall lose all rights to previous service, and continuous service will only be calculated from the date of reemployment." Appellant argues that neither Section 8 nor Section 11 of Article XII limits or restricts in any way the right of management to hire and fire at will as it existed prior to the execution of the contract.

Appellees contend that a proper construction of the contract as a whole, with particular consideration to Section 11, Article XII, limits the right of management to discharge an employee except for cause, and since there is disagreement between the parties about the proper construction of the contract, it was a matter which could be referred to arbitration under the arbitration provisions contained in the contract.

The Union sought arbitration over the question of Cook's discharge, relying upon the following provisions of the Collective Bargaining Agreement. Article XIII provides: "In the event of a difference arising between the Company and its employees as to the meaning and application of the provision of this Agreement, all work shall continue without interruption pending proceedings looking to conciliation or arbitration. * * *" Article XIV provides:

"Should any difference arise between the parties to this Agreement, such difference shall first be taken up between the aggrieved employee and the foreman of the department involved," and in the event it is not so settled it shall be referred in writing to the Joint Standing Committee, to which Committee "shall be referred all questions which may arise as to the construction to be placed upon any of the clauses of this Agreement or any alleged violation thereof, which cannot be settled otherwise." It also provides that if a "question or difference" referred to the Committee is not determined by the Committee after a certain period of time, "the matter in dispute" shall be referred to an Arbitration Board upon the demand of either party to the Agreement.

Article XV provides for the creation of a Board of Arbitration within thirty days "after a question or difference between the parties to this Agreement shall have come to the point where it is ready for consideration by the Board of Arbitration." Article XV also provides that the parties recognize "that it is imperatively obligatory upon both parties whenever any difference of opinion as to the rights of either party under the Agreement shall arise or whenever any dispute as to the construction of the Agreement, or any of its provisions take place, at once to appeal to the duly constituted authorities under this Agreement, viz:—the Joint Standing Committee, and in case of disagreement, to the Board of Arbitration, * * *"

A Board of Arbitrators was convened. The Company moved that the Board dismiss the case on the ground that the Board was without jurisdiction in that there was no arbitrable issue to submit to them, since the Company's right to discharge an employee was unimpaired by the contract. The Chairman of the Board took the motion under advisement and directed that the parties proceed with the question of whether good cause existed for Cook's discharge. Testimony was heard on this question. Thereafter, the Board ruled that it had jurisdiction in the matter, that Cook was discharged without just cause and that the Company make whole as to lost wages.

Mengel filed the present action in the District Court asking for a declaration of rights under the collective bargaining contract, to the effect that the discharge of the appellee Cook was not an arbitrable question and that the Board of Arbitrators had no authority to hold the hearing and make the purported award. It also asked that the appellees be enjoined from taking any action to enforce the purported award. Jurisdiction in the District Court was claimed under Sec. 301, Labor Management Relations Act of 1947, Sec. 185, Title 29 U.S. C.A. The appellees moved to dismiss the complaint (1) for lack of jurisdiction and (2) for failure to state a cause of action. The appellant moved for summary judgment and filed the affidavit of its general manager in support of the motion. The District Judge, in a brief order without explanatory statement or opinion, denied appellant's motion for summary judgment and sustained appellees' motion to dismiss the complaint. This appeal followed.

The appeal presents two questions: (1) Whether the District Court had jurisdiction to entertain the suit and (2) if jurisdiction existed in the District Court, did the Arbitration Board have authority under the provisions of the collective bargaining contract to hear the dispute and make an award. The Atlanten, 252 U.S. 313, 40 S.Ct. 332, 64 L.Ed. 586; Republic of Colombia v. Cauca Co., 190 U.S. 524, 529–530, 23 S.Ct. 704, 47 L. Ed. 1159. The District Judge did not indicate whether he decided the case on the jurisdictional ground or on the merits.

Appellant conceded in the District Court and in its original brief filed in this Court that diversity of citizenship did not exist and that jurisdiction of the District Court depended solely upon Sec. 301 of the Labor Management Relations Act. This section provides—"Suits for violation of contracts between an employer and a labor organization repre-

senting employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." Sec. 185, Title 29 U.S.C.A. American Federation of Labor v. Western Union Telegraph Co., 6 Cir., 179 F.2d 535 and Milk and Ice Cream Drivers and Dairy Emp. Union, Local No. 98 v. Gillespie Milk Products Corp., 203 F.2d 650, decided by this Court, are relied upon in support of the jurisdictional contention.

We do not think this case presents the same jurisdictional question that was involved in those cases. In each of those cases there was an express provision in the collective bargaining agreement which the Union brought suit to enforce. No question was raised about the existence of the contract provision. The cases involved possible defenses to the enforcement of such a provision. The present suit, instead of seeking to enforce a contract provision attacks the validity of an arbitration award on the ground that there was *no contract* authorizing the arbitration and the award. Appellant's alleged cause of action is not based on the contract but on the following well established principles of law, which existed prior to the execution of the collective bargaining agreement and are independent of it.

■ There is no common law right of arbitration. Hamilton v. Home Ins. Co., 137 U.S. 370, 385, 11 S.Ct. 133, 34 L.Ed. 708; Nutt v. United States, 125 U.S. 650, 655, 8 S.Ct. 997, 31 L.Ed. 821. Compulsory arbitration, without right to have the issue determined by court action, is invalid. Wolff Packing Co. v. Court of Industrial Relations, 262 U.S. 522, 43 S.Ct. 630, 67 L.Ed. 1103; Finsilver, Still & Moss v. Goldberg, M. & Co., 253 N.Y. 382, 171 N.E. 579, 69 A.L.R. 809; see cases in Annotation, 69 A.L.R. 816. A court of equity has general jurisdiction to set aside an invalid award or to enjoin its enforcement. Mc-

Laurin v. McLauchlin, 4 Cir., 215 F. 345, 347; Campbell v. American Fabrics Co., 2 Cir., 168 F.2d 959.

■ Appellant by the present suit, invokes this equitable jurisdiction to protect its common law right that it is not bound by an arbitration award when it did not voluntarily submit the dispute to such arbitration. The contract is in derogation of appellant's otherwise unlimited right not to be subject to arbitration, and may or may not be a defense to the action, depending upon the Court's construction of it. In our opinion, the present action is not one for violation of a contract within the meaning of Sec. 301 of the Labor-Management Relations Act.

■ The allegation in the complaint "that the Union violated the contract in taking said discharge to arbitration," is a conclusion on the part of the pleader, which the Court is not required to accept if in conflict with the facts stated in the complaint. Simmons v. Peavy-Welsh Lumber Co., 5 Cir., 113 F.2d 812. The collective bargaining contract was filed as an exhibit with the complaint, became a part of the complaint, and will be considered on the motion to dismiss. Rule 10(c), Rules of Civil Procedure, 28 U.S. C.; Interstate Natural Gas Co. v. Southern California Gas Co., 9 Cir., 209 F.2d 380, 384; Cohen v. United States, 8 Cir., 129 F.2d 733, 736. If inconsistent with the allegations of the complaint, the exhibit controls. Hamilton Foundry & Machine Co. v. International M. & F. Workers Union, 6 Cir., 193 F.2d 209, 216; Foshee v. Daoust Construction Co., 7 Cir., 185 F.2d 23, 25. We accordingly determine the nature of appellant's cause of action without regard to this conclusion of the pleader.

Shortly prior to the oral argument, appellant's counsel filed a supplemental brief calling attention to the recent opinion of this Court in Hoover Motor Express Co. v. Teamsters, Chauffeurs, Helpers, etc., 217 F.2d 49, which was decided subsequent to the ruling of the District Court in this action. In that case we held that a collective bargaining

agreement was not a contract of employment which would prevent the application of the United States Arbitration Act if the bargaining agreement contained an arbitration provision and otherwise qualified under the Act. Secs. 1–14, Title 9 U.S.Code. That Act provides that the District Court for the district wherein the award was made may vacate an award where the arbitrators exceeded their powers. Sec. 10(d), Title 9 U.S.Code. Jurisdiction is now claimed under that statute.

The United States Arbitration Act does not of itself confer independent federal jurisdiction. Sec. 4 of the Act limits its application to actions over which the District Court would have jurisdiction under Title 28 except for the arbitration agreement. Sec. 4, Title 9 U.S.Code, San Carlo Opera Co. v. Conley, D.C., 72 F.Supp. 825, affirmed 2 Cir., 163 F.2d 310; Krauss Bros. Lumber Co. v. Louis Bossert & Sons, 2 Cir., 62 F.2d 1004; Amalgamated Ass'n, etc., v. Southern Bus Lines, 5 Cir., 189 F.2d 219, 221.

We are accordingly of the opinion that the District Court lacked jurisdiction to entertain the action, and its judgment is affirmed on that ground.

Judgment affirmed.

STEWART, Circuit Judge (dissenting).

I cannot agree that the district court lacked jurisdiction to entertain this action.

In American Federation of Labor v. Western Union Telegraph Co., 6 Cir., 1950, 179 F.2d 535, 538, this court held that an action for a declaratory judgment brought by the union for a declaration of its rights under a pension plan covered by a collective bargaining agreement "clearly states a cause of action of which the United States District Court has jurisdiction." In that case this court said "The action is one for violation of contract between appellant and appellee within the express provisions of section 301(a) of the Labor Management

Relations Act of 1947; and section 400 of the Federal Declaratory Judgment Act vests in the federal court the right to grant the character of relief prayed, if appellant proves the allegations of its complaint." 179 F.2d at page 538.

In Milk and Ice Cream Drivers and Dairy Emp. Union, Local No. 98 v. Gillespie Milk Prod. Corp., 1953, 203 F.2d 650, 651, this court held that the union's suit to enjoin the corporation from violating a collective bargaining agreement by refusing to abide by and give effect to an arbitration award was properly brought in the federal district court under § 301(a) of the Labor Management Relations Act.

The Western Union case thus makes clear that a suit for a declaratory judgment may nonetheless be one for violation of a contract within the provisions of § 301(a) of the Labor Management Relations Act of 1947. In the Gillespie case this court expressly rejected the contention "that the Federal Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, does not authorize [the district] court to interpret a labor contract and issue an injunction to enforce it under section 301(a) of the Taft Hartley Act * * *."

If the appellant in the present case had chosen to disregard the purported arbitration award and had awaited the bringing of suit against it by the union for enforcement of the award, there thus appears no question but that the district court would have had jurisdiction of that action. Milk and Ice Cream Drivers and Dairy Emp. Union, Local No. 98 v. Gillespie Milk Prod. Corp., supra. The appellant chose instead to litigate the same question as plaintiff. That choice should be of no consequences in determining the question of jurisdiction; if a federal court has jurisdiction of a controversy it should matter not which of the parties initiates the litigation. The very purpose of the Federal Declaratory Judgment Act, as I understand it, is to enable one in appellant's position to seek a clarification of its rights in a controversy such as this.

The question to be decided was whether a collective bargaining agreement was violated. There was a real controversy between the parties on that question. It seems to me clear that the district court had jurisdiction to decide it under the provisions of § 301(a) of the Labor Management Relations Act of 1947.[1]

It is not possible to tell whether the district court decided this case on the question of jurisdiction or on the merits. I would, therefore, remand the case to the district court for a decision on the merits.

1. No Constitutional questions were raised by the parties, and none is here considered. Cf. Association of Westinghouse Salaried Employees **v.** Westinghouse Electric Corp., 75 S.Ct. 488.