**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13427
Non-Argument Calendar
_____

ENNIS UNITA MCWHORTER,

*Plaintiff-Appellant*

*versus*

EXPERIAN SERVICES CORP.,
    Overhead Corporate Services, et al.,

*Defendants,*

TRANSUNION LLC,
    Credit Reporting Agency,
NELNET SERVICING, LLC,
    Financial Services Company,
EXPERIAN INFORMATION SOLUTIONS INC.,

*Defendants-Appellees.*

———————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-01753-SDG

———————————————

Before ABUDU, KIDD, and MARCUS, Circuit Judges.

PER CURIAM:

Ennis McWhorter, *pro se*, appeals from the dismissal of her amended complaint for failure to state a claim against Experian Information Solutions, Inc. under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681i and 1681n, and the denial of her motion for relief from judgment under Fed. R. Civ. P. 60(b). She argues that: (1) she adequately pled that her credit file contained false information and that Experian failed to conduct a reasonable reinvestigation upon her request; and (2) the court should have granted her Rule 60(b) relief due to excusable neglect, newly discovered evidence and Experian's misconduct. After careful review, we affirm.

**I.**

The relevant background is this. In May 2021, McWhorter filed her initial complaint against Trans Union, Nelnet, and Experian, alleging that the defendants willfully defrauded her by reporting false items on her credit report. Since then, she has amended the complaint several times. In December 2021, McWhorter filed a new complaint with three separate "Statement of Claims," one for each defendant. As for Experian, McWhorter alleged that Experian, *inter alia*: (1) "violated 15 U.S.C. 1681i for fail[ing] to *promptly* delete inaccurate information after being re-

investigated from the Plaintiff[']s credit report;" and (2) "violated 15 U.S.C. 1681(n) for their willful noncompliance."

In September 2022, the district court granted the defendants' motion to dismiss all of McWhorter's claims. Relevant here, the district court found that McWhorter had failed to allege one of the essential elements of a claim under § 1681i(a): a failure by Experian to respond or conduct a reasonable reinvestigation of the disputed items in McWhorter's credit report. The court also dismissed McWhorter's § 1681n claim against Experian for willful non-compliance with FCRA, finding her allegations to be "entirely conclusory and unsupported by any plausibly alleged facts." Thereafter, McWhorter moved to set aside the judgment, alleging misconduct by the defendants, newly discovered evidence, error in the district court's opinion, excusable neglect, and fraud. The district court denied this motion as well.

McWhorter timely appealed. In July 2024, we granted summary affirmance to the defendants on all claims, except her §§ 1681i and 1681n claims against Experian. *McWhorter v. Trans Union LLC*, No. 23-13427, 2024 WL 3385676, *4 (11th Cir. July 12, 2024). In declining to summarily affirm as to these two claims, we found that, when read liberally, McWhorter's § 1681i claim was "not frivolous or clearly wrong as a matter of law." *Id*. We explained that her complaint had alleged that: (1) Experian reported inaccurate information about payments she made on her loan with Westlake Financial Services ("Westlake"); (2) she had made a final payment in March 2017, which Experian never reported, but Experian

instead had reported that the Westlake account was "charged off" in March 2017, and that the amount written off exceeded the original $12,108 loan amount; and (3) she disputed Experian's information about the Westlake account "several times with receipt," but Experian continued to report the inaccurate information, which negatively affected her credit rating. *Id.*

Because we declined to "summarily affirm the dismissal of McWhorter's complaint against Experian, we [did] not decide whether she stated a claim against Experian under § 1681n" and instead reserved ruling until after briefing was complete. *Id.* at *4 n.3. We also reserved ruling on her appeal of the denial of her motion to set aside the judgment as to Experian. *Id.* at *5 n.4. After full briefing, we now address these remaining claims.

## II.

We review *de novo* an order granting a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant Fed. R. Civ. P. 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022). We review a district court's application of Rule 60(b) for abuse of discretion. *Am. Bankers Ins. Co. of Fla. v. Nw. Nat. Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011) (citation modified). We "may affirm the

judgment of the district court on any ground supported by the record, regardless of whether that ground was relied upon or even considered by the district court." *Kernel Recs. Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

"A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney; a *pro se* pleading is liberally construed." *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). But "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). "[A] *pro se* pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." *Jones*, 787 F.3d at 1107.

## III.

First, we are unpersuaded by McWhorter's argument that the district court erred in dismissing her complaint for failure to state a claim under Rule 12(b)(6). The Federal Rules of Civil Procedure require a complaint to contain a short and plain statement of a claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). However, a pleading consisting of mere "labels and conclusions," instead of "enough facts to state a claim to relief that is plausible on its face," fails to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is facially plausible if it alleges facts that allow for a reasonable inference that the defendant is liable for the alleged misconduct. *Newbauer*, 26 F.4th at 934.

6                    Opinion of the Court                    23-13427

When considering a motion to dismiss, all facts set forth in the plaintiff's complaint "'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir.1993). This means that attachments to the complaint are considered part of the pleading for purposes of Rule 12. *Thaeter v. Palm Beach County Sheriff's Off.*, 449 F.3d 1342, 1352 & n.7 (11th Cir. 2006); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). When exhibits attached to a complaint "contradict the general and conclusory allegations of the pleading, the exhibits govern." *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 514 (11th Cir. 2019); *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.") (citation omitted).[1] "The classic example is when a plaintiff attaches a document to his complaint but his allegations about what the document is or says contradict the document itself." *Gill*, 941 F.3d at 514; *accord Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

23-13427                Opinion of the Court                7

McWhorter's primary claim on appeal is that Experian violated 15 U.S.C. § 1681i.  Section 1681i(a) mandates certain procedures that consumer reporting agencies must follow when a consumer disputes the accuracy of information in the consumer's file. 15 U.S.C. § 1681(a).  One requirement imposed by § 1681i(a) is that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly," then the agency "shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A).  "[B]y its plain terms, § 1681i(a) . . . provides [that] a consumer reporting agency violates that provision if a consumer notifies the agency there is inaccurate information contained in his file and the agency does not conduct a reasonable reinvestigation into the matter." *Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1335 (11th Cir. 2015) (citation modified); *see Milgram v. Chase Bank USA, N.A.*, 72 F.4th 1212, 1217 (11th Cir. 2023).  To make out a claim under § 1681i, the plaintiff must show that the agency's file contained factually inaccurate information, that the agency's investigation upon dispute was not reasonable, and that damages followed as a result. *See Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021).

Here, the district court did not err in dismissing McWhorter's § 1681i claim.  McWhorter's complaint, construed liberally, alleges that Experian "is willfully reporting false information where no data had been given" about payments she made on her 2015 auto loan with Westlake.  To the extent she gives any

specifics, she alleges that Experian failed to account for an insurance payment of $10,521.43 that was applied to this loan in 2017.[2] However, her allegations are plainly contradicted by the credit report she attached to her complaint, which is what controls. *See, e.g., Simmons*, 113 F.2d at 813 ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control."). According to the credit report, McWhorter initially made timely payments on the 2015 auto loan that had an original balance of $12,108, and the last payment she made before any delinquencies was $352 in December 2016. But by February 2017, her payments were more than 60 days past due and by March 2017, Westlake had closed the loan and "charge[d] off" the remaining balance of $12,641 as unlikely to be collected.[3] Underneath the section detailing Westlake's "charge off" of the loan, the credit report reflects that only $2,119 was actually remaining on the loan, incorporating the fact that McWhorter had made a late payment of $10,521.43, the exact amount of the insurance payout. Thus, the sequence of events in the credit report does not actually conflict

[2] McWhorter says that the insurance payout was $10,541.43, but it is clear that she has made a typographical error. After McWhorter filed her operative complaint, she filed an affidavit on the district court docket with a copy of the insurance check showing that the payment was $10,521.43. Neither party takes issue with the veracity of the check proffered by McWhorter, nor does she ever claim that $10,521.43 is an incorrect amount.

[3] To "charge off" a loan is to "treat (an account receivable) as a loss or expense because payment is unlikely; to treat as a bad debt." *Charge Off, Black's Law Dictionary* (12th ed. 2024); *see also LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1188 n.5 (11th Cir. 2010).

with McWhorter's version of events.  Instead, the information detailed in the credit report that McWhorter attached to her complaint expressly accounted for the insurance payout as it occurred, thereby contradicting her allegations that the credit report contained any factual inaccuracies as to this issue.

As for McWhorter's claim that Experian also violated § 1681i by reporting that several of her student loans with Nelnet were in "collections," rather than in "forbearance," again the credit report flatly contradicts her allegations.  Experian reported McWhorter's Nelnet loans as remaining "open" with scheduled payments of $0 for every month dating back to March of 2020 and with 0 interest accruing each month.  The term "forbearance" means just this: "the giving of further time for the return of payment of money after the date upon which it became due." *Forbearance*, *Black's Law Dictionary* (12th ed. 2024).  Because McWhorter attached the credit report to the complaint, "it became the duty of the court . . . to construe [the report]," *Simmons*, 113 F.2d at 813, and upon our review, the report clearly discloses that these Nelnet notes were in forbearance.  So, to the extent she describes the loan entries as falsely reporting that they were in collections and not in forbearance, the credit report does not do so.  *See Gill*, 941 F.3d at 514 (disregarding "allegations about what the document is or says [that] contradict the document itself").  And because the information in the report is *not* inaccurate, McWhorter has failed to plausibly allege any factual inaccuracies concerning her student loans.

In short, construing her pleading and its attachments as a whole, McWhorter has not sufficiently alleged any facts showing that Experian's credit report contained factually inaccurate information and that its reinvestigation upon dispute was not reasonable. The district court correctly granted Experian's motion to dismiss McWhorter's § 1681i claim.

As for McWhorter's § 1681n claim, it does not state a claim either. Section 1681n allows plaintiffs to recover damages for *willful* violations of the FCRA, including § 1681i. 15 U.S.C. § 1681n; *Losch*, 995 F.3d at 944. However, because McWhorter failed to plausibly allege that Experian violated § 1681i of FCRA, she also failed to plausibly allege that it did so willfully. Accordingly, we affirm the district court's dismissal of McWhorter's §§ 1681i and 1681n claims against Experian.

## IV.

Nor are we convinced by McWhorter's argument that the district court abused its discretion in denying her Rule 60(b) motion for relief from the judgment. Rule 60(b) allows a court to set aside a final judgment for several reasons, including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; and (3) fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(1)–(3).

The determination of what constitutes excusable neglect under Rule 60(b)(1) is "an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). "[F]or

purposes of Rule 60(b), excusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 394 (1993) (citation modified). Where a party seeks to set aside a judgment based on newly discovered evidence under Rule 60(b)(2), the evidence must be of a kind that would produce a new result. *See Willard v. Fairfield S. Co.*, 472 F.3d 817, 824 (11th Cir. 2006). Meanwhile, setting aside a judgment under Rule 60(b)(3) requires proving, by clear and convincing evidence, that the opposing party obtained the judgment by way of fraud, misrepresentation, or misconduct. *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000).

A plaintiff who is granted relief from a judgment under Rule 60(b) may then seek leave to amend her complaint. *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006). A "court may deny a motion for leave to amend as futile when the complaint as amended would still be properly dismissed." *EEOC v. STME, LLC*, 938 F.3d 1305, 1320 (11th Cir. 2019) (citation modified).

Here, the district court did not abuse its discretion by denying McWhorter's motion to set aside the judgment. McWhorter primarily based her motion on excusable neglect resulting from an iron deficiency that interfered with the clarity of her pleadings. But even if McWhorter's iron deficiency and her inability to articulate her claims somehow satisfied one of the grounds for relief in Rule 60(b), setting aside the judgment so that McWhorter could file yet another amended complaint would have served no purpose. Her

motion reiterated the same facts and arguments from her operative pleading and made additional allegations about a LexisNexis report and Experian's "inappropriate" actions. Notably, however, these allegations did not state any new claims for relief against Experian, and incorporating them into her operative complaint still would not cure its failure to state a claim against Experian under §§ 1681i or 1681n. Accordingly, granting McWhorter leave to amend would have been futile, and we affirm the district court on this basis. *STME*, LLC, 938 F.3d at 1320; *McInteer*, 470 F.3d at 1361.

**AFFIRMED.**