[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-10474

_____

STEVEN J. PINCUS,
an individual, on behalf of himself and all others similarly situated,

Plaintiff-Appellant,

*versus*

AMERICAN TRAFFIC SOLUTIONS, INC,
a Kansas corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:18-cv-80864-DMM

_____

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

After plaintiff Steven Pincus's vehicle was photographed running a red light in the City of North Miami Beach, he received a notice of violation in the mail, informing him that he had violated Florida law and owed a statutory penalty of $158. The notice directed that Pincus could pay the penalty online, by phone, or by mailing a check or money order. The notice advised that if Pincus paid online or by the phone, he would be charged an additional convenience fee. Because Pincus paid online with a credit card, he was required to pay both the statutory penalty and the convenience fee.

Pincus brought a putative class action against American Traffic Solutions, Inc. ("ATS"), the vendor that operated the city's red light photo enforcement program. He alleged that several Florida statutes barred ATS from charging the convenience fee and that ATS was unjustly enriched by retaining the fee. The district court dismissed Pincus's complaint, concluding that he failed to state a claim for relief.

On appeal, we recognized that Pincus's complaint raised several unresolved questions of Florida law. We certified the following questions to the Supreme Court of Florida:

(1)    Did ATS violate Florida law when it imposed a five percent fee on individuals who chose to pay their red light traffic ticket with a credit card? In particular:

    a. Does the challenged fee constitute a "commission from any revenue collected from violations detected through the use of a traffic infraction detector" under Fla. Stat. § 316.0083(1)(b)(4)?

    b. Was the fee assessed under Chapter 318 and therefore subject to § 318.121's surcharge prohibition?

    c. Was ATS a "money transmitter" that was required to be licensed under Fla. Stat. § 560.204(1)?

(2)    If there was a violation of a Florida statute, can that violation support a claim for unjust enrichment? In particular:

    a. Does Pincus's unjust enrichment claim fail because the statutes at issue provide no private right of action?

    b. Does Pincus's unjust enrichment claim fail because he received adequate consideration in exchange for the challenged fee when he took advantage of the privilege of using his credit card to pay the penalty?

*See Pincus v. Am. Traffic Sols. Inc.*, 986 F.3d 1305, 1320–21(11th Cir. 2021).

The Supreme Court of Florida has now answered the last question, (2)(b), in the affirmative. *See Pincus v. Am. Traffic Sols., Inc.*, No. SC21-159, __ So. 3d __, 2022 WL 324706 (Fla. Feb. 3,

2022). The Court explained that to state a claim for unjust enrichment under Florida law, Pincus had to allege, among other things, that "it was inequitable for ATS to retain" the convenience fee. *Id.* at *2. Even assuming Florida law barred ATS from charging the convenience fee, the Court concluded, it was "not inequitable" for ATS to retain the fee because it had given Pincus "value in exchange" for the fee. *Id.* The value that Pincus received in exchange for the convenience fee included: (1) not having to procure postage and a check or money order; (2) being able to pay the balance over time; (3) avoiding the risk of payment being delayed, stolen, or lost en route; (4) being afforded more time to make the payment because it would be received instantaneously; and (5) receiving immediate confirmation that ATS received the payment. *Id.*

The Supreme Court of Florida declined to answer our other questions because its answer to the last question was "determinative of the other questions." *Id.* Applying Florida law as the State's highest appellate court has explicated it for us, we conclude that Pincus failed to state a claim for unjust enrichment. Accordingly, we affirm.

**AFFIRMED.**