[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12426

Non-Argument Calendar

_____

HOWARD A. MATHIS,
Reverend,

Plaintiff-Appellant,

*versus*

THE CITY OF LAKELAND,
a Florida municipality,
MAYOR, CITY OF LAKELAND,
SCOTT FRANKLIN,
Former Commissioner,
STEPHANIE MADDEN,
Commissioner, Individual Capacity,
SARA ROBERTS MCCARLEY,

2                   Opinion of the Court                22-12426

Commissioner, Individual Capacity, et al.,

                                              Defendants-Appellees,

THE CITY OF LAKELAND RED LIGHT
CAMERA ENFORCEMENT AGENCY,

                                                    Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-00235-SDM-SPF

_____

Before ROSENBAUM, JILL PRYOR, and HULL, Circuit Judges.

PER CURIAM:

Howard Mathis, proceeding pro se, appeals the district court's grant of the twelve defendants' motions to dismiss his pro se amended complaint. The subject of Mathis's amended complaint is two traffic violations issued through a red light photo enforcement system. Mathis's amended complaint asserted four Counts against the twelve defendants: (1) violation of his due process rights brought under 42 U.S.C. § 1983 (Count 1);

(2) conspiracy to interfere with his rights on the basis of race in violation of 42 U.S.C. § 1985(3) (Count 2); (3) discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d (Count 3); and (4) unjust enrichment in violation of Fla. Stat. §§ 316.0083(1)(b)(4), 318.121, and 560.204 (Count 4). The district court dismissed Counts 1–3 on shotgun pleading grounds and Count 4 for failure to state a claim. On appeal, Mathis argues that the district court erred by dismissing each Count of his amended complaint with prejudice. After careful review, we affirm.

## I.      BACKGROUND

### A.    Original Complaint, Dismissal, and Leave to Amend

On February 1, 2021, Mathis, proceeding pro se, sued (1) the City of Lakeland ("City"), (2) Mayor William Mutz, (3) Former Commissioner Scott Franklin, (4) Commissioners Stephanie Madden, Sara McCarley, Chad McLeod, Bill Read, and Phillip Walker, (5) the "City of Lakeland Red Light Camera Enforcement Agency,"[1] (6) "Hearing Officers" Joshua Brown and Matthew Vaughn, and (7) American Traffic Solutions, Inc. ("ATS").

All defendants moved to dismiss. On August 2, 2021, a magistrate judge issued a report ("report"), recommending that the

---

[1] The named "City of Lakeland Red Light Camera Enforcement Agency" does not exist.

motions to dismiss be granted and Mathis be granted leave to amend his complaint to correct the deficiencies in his complaint.

On August 17, 2021, the district court adopted the report, granted the defendants' motions to dismiss, and dismissed Mathis's complaint with leave to amend. The district court also "strongly advised" Mathis to obtain legal advice and assistance before filing his amended complaint and warned that the amended complaint would be "subject to final dismissal" if it failed to state a claim.

## B.    Allegations in the Amended Complaint

On October 20, 2021, Mathis filed his amended complaint, alleging the following events.

On September 7, 2018, the City issued a "Notice of Violation" to Judy Nance Mathis ("Judy Mathis") "for failure to comply with a steady red signal." On September 18, 2018, Judy Mathis signed an affidavit in which she named Howard Mathis as having "care, custody, or control of the vehicle at the time of the violation." So on September 26, 2018, the City reissued the Notice of Violation ("NOV1") to Howard Mathis, the plaintiff here.

On December 12, 2018, defendant Vaughn (a City "hearing officer") held a hearing and upheld the NOV1. Vaughn allegedly told Mathis to "redress his disagreements to the Circuit Court or the City Council." Plaintiff Mathis alleges he did both.

With respect to the City Council, Mathis attempted to "redress the violation . . . with the City" but "Assistant City Attorney Romona Sirianni gave out wrong information trying to

streamline the process away from the City Commission." Attorney Sirianni allegedly "conspir[ed] with Police Officer Franz" by "summoning him to" a meeting to "give . . . false and misguided information to the [City] Commission."

With respect to the Circuit Court, Mathis appealed his NOV1 conviction to the Tenth Judicial Circuit Court, in and for Polk County, Florida, which reversed and remanded for a new hearing.

On remand, defendant Brown (another City "hearing officer") presided over Mathis's hearing. According to Mathis, even though the "normal[] practice" is to call hearings "in alphabetical order," Vicki Wilson (who is white) "went first" before Mathis (who is black). Mathis alleged that defendant Brown racially discriminated against him by dismissing the violation against Wilson yet upholding the NOV1 against Mathis.

Completely separate from NOV1 discussed above, it appears that Mathis ran another red light and was issued a different Notice of Violation ("NOV2"). In Florida, the civil penalty for running a red light is $158.00. *See* Fla. Stat. § 316.0083(1)(b)3.b. Mathis paid the penalty for NOV2 electronically with a Visa card and attached a receipt to the amended complaint. Mathis's receipt shows a total charge of $162.00.

In his amended complaint, Mathis sued (1) the City, (2) Mayor Mutz, (3) Former Commissioner Franklin, (4) Commissioners Madden, McCarley, McLeod, Read, and

Walker, (5) the City's Police Department, (6) "Hearing Officers" Brown and Vaughn, and (7) ATS.  Thus, the only change in the defendants from the original complaint to the amended complaint is that Mathis sued the City's Police Department instead of "[t]he City of Lakeland Red Light Camera Enforcement Agency."

Mathis's amended complaint alleged four Counts against the defendants: (1) violation of his due process rights brought under 42 U.S.C. § 1983 (Count 1); (2) conspiracy to interfere with his rights on the basis of race in violation of 42 U.S.C. § 1985(3) (Count 2); (3) discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d (Count 3); and (4) unjust enrichment in violation of Fla. Stat. §§ 316.0083(1)(b)(4), 318.121, and 560.204 (Count 4).

In Count 1, Mathis alleged that (1) Vaughn and Brown acted under color of state law, (2) Vaughn violated his due process rights, (3) Attorney Sirianni and Officer Franz conspired to deprive him of an unspecified right, (4) Brown conspired with Franz by agreeing to dismiss Vicki Wilson's violation, (5) ATS conspired with the City's Commission "to implement a money grabbing scheme knowing out right that red light cameras don't decrease accident[s]," and (6) "[t]he unlawful actions of the defendants constitute a violation of due process."

In Count 2, Mathis alleged that "[t]he unlawful actions of the defendants" violated § 1985(3) and Brown "granted a white person a dismissal . . . but upheld his [violation] and the obvious reason was because he was black."

In Count 3, Mathis alleged that (1) the defendants receive federal financial assistance, (2) the defendants created a policy, practice, or custom of issuing red light camera citations based on race or ethnicity, and (3) such "unlawful actions" constituted a violation of § 2000(d).

In Count 4, Mathis alleged that (1) ATS conspired with the City "in a money grabbing scheme" that they "disguise[d] . . . as a safety program regarding traffic accidents," (2) the convenience fee extracted by ATS was an "illegal 'commission,'" and (3) Mathis "conferred a monetary benefit on the Defendant, some or all of which was voluntarily retained by Defendant."

## C.    Dismissal of the Amended Complaint

On November 2, 2021, all the defendants except ATS moved to dismiss Mathis's amended complaint. They argued that (1) Mathis had not remedied the defects highlighted in the magistrate judge's report, (2) each Count failed to state a claim, and (3) the individual defendants were entitled to immunity.

On November 3, 2021, defendant ATS moved to dismiss Mathis's amended complaint, arguing that it was a shotgun pleading and that each Count failed to state a claim. As to Count 4, defendant ATS argued that the alleged illegality of the convenience fee did not make its retention of that fee unjust and that Mathis received the convenience he paid for.

On June 29, 2022, the district court granted the defendants' motions to dismiss and dismissed Mathis's amended complaint.

First, the district court found that the amended complaint was a shotgun pleading because (1) Counts 1–3 asserted multiple claims against multiple defendants without specifying which of the defendants was responsible for which acts or omissions and (2) the amended complaint contained conclusory, vague, and immaterial facts that did not explain how those facts amounted to unlawful conduct. Second, the district court determined that Count 4 failed to state a claim for relief because this Court has held that the retention of a convenience fee for facilitating an online payment cannot be the basis of a claim for unjust enrichment. *See Pincus v. Am. Traffic Sols., Inc.*, 25 F.4th 1339, 1340–41 (11th Cir. 2022).

The district court entered judgment for each defendant. Mathis timely appealed.

## II.    COUNTS 1–3

We begin with an overview on shotgun pleadings and then address why the district court did not err in dismissing Counts 1–3.

### A.    General Rules on Shotgun Pleadings

A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or 10(b), or both. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a

single set of circumstances." Fed. R. Civ. P. 10(b). Rule 10(b) also mandates that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count" if doing so would promote clarity. *Id.*

"The self-evident purpose of these rules is to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (cleaned up). In other words, "shotgun pleadings are flatly forbidden by the spirit, if not the letter, of these rules because they are calculated to confuse the enemy and the court." *Id.* (cleaned up). Accordingly, we have "little tolerance" for shotgun pleadings. *Id.* (quotation marks omitted).

"[W]e have identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate "each cause of action or claim for relief" into a different count; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23.

A district court must give a plaintiff one opportunity to remedy his shotgun pleading before dismissing his action. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018). If he files an amended complaint without substantially fixing the deficiencies, dismissal with prejudice is warranted. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358–59 (11th Cir. 2018) (explaining that "[t]he District Court should have dismissed the amended complaint with prejudice" where "the [plaintiffs] filed an amended complaint afflicted with the same defects, attempting halfheartedly to cure only one of the pleading's many ailments by naming which counts pertained to each Defendant").

We review a dismissal on shotgun pleading grounds for an abuse of discretion. *Barmapov*, 986 F.3d at 1324. Although courts afford liberal construction to pro se litigants' pleadings, pro se litigants must adhere to the procedural requirements of the Federal Rules of Civil Procedure. *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *accord Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

### B.    Mathis's Amended Complaint Was a Shotgun Pleading

The district court did not err in dismissing Counts 1–3 because Mathis's amended complaint was a shotgun pleading.

First, Mathis sued twelve defendants, but his amended complaint largely failed to identify which of them took which

actions and which claims were raised against which defendants. Instead, Counts 1–3 lumped the defendants together by alleging that "the unlawful actions of *the defendants* constitute a violation of [federal law]." (Emphasis added.) The lumping of defendants does not give any defendant fair notice of the allegations brought against that defendant. *Automotive Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 732 (11th Cir. 2020); *see also Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (condemning as a shotgun pleading a complaint that (1) was "replete with allegations that 'the defendants' engaged in certain conduct" and (2) made "no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of").

Second, Counts 1–3 contain conclusory and vague facts. Each Count includes a citation to federal law and a conclusory assertion that "the unlawful actions of the defendants constitute a violation of [federal law]." But Mathis provided no explanation on how any of the factual allegations amount to unlawful conduct under the cited statutes. *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) ("[A shotgun] pleading is never plain because it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of his causes of action, or how they do so. It is not the proper function of courts in this Circuit to parse out such incomprehensible allegations[.]").

Take Count 2, for example.  It consists of five paragraphs. The first paragraph "repeat[s] and reallege[s] all of the allegations set forth in" previous paragraphs.  The second paragraph quotes § 1985(3).  The third paragraph states in a conclusory manner that "[t]he unlawful actions of the defendants constitute a violation of" § 1985(3).  The fourth paragraph alleges that, as a result of defendants' § 1985(3) violation, Mathis (1) lost business income and earning capacity and (2) suffered "damage to his Christian and professional reputation, embarrassment, humiliation[,] and other forms of mental distress."  The last paragraph claims Mathis "came to redress the harm done to him during an earlier red light camera hearing by the Josh Brown [sic] where he had granted a white person a dismissal without a necessary affidavit but upheld his[,] and the obvious reason was because he was black."  Count 2 alone embodies three types of impermissible shotgun pleadings.

For all these reasons, the amended complaint was a shotgun pleading, the district court provided Mathis with an opportunity to fix the deficiencies but Mathis failed to do so, and thus the district court acted within its discretion in dismissing the amended complaint with prejudice.  *Vibe Micro, Inc.*, 878 F.3d at 1296; *Jackson*, 898 F.3d at 1358–59.

## III.    COUNT 4

In Count 4, Mathis alleged that defendant ATS was unjustly enriched by his payment of a convenience fee to ATS.  For an unjust enrichment claim under Florida law, a plaintiff must show that (1) he conferred a benefit on the defendant, (2) the defendant

voluntarily accepted and retained the benefit, and (3) the circumstances would make it inequitable for the defendant to retain the benefit without paying the value thereof. *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012).

The district court dismissed Count 4 for failure to state a claim because Mathis cannot satisfy the third element. "We review de novo a district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022). While a pro se complaint is construed liberally, it will not be rewritten. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006).

The district court did not err in dismissing Count 4 for failure to state a claim because Count 4 is foreclosed by our binding precedent.

In *Pincus v. American Traffic Solutions, Inc.*, the plaintiff received a traffic ticket issued through an ATS red light photo enforcement system in Florida. 986 F.3d 1305, 1309 (11th Cir. 2021). The plaintiff sued ATS alleging three counts of unjust enrichment after ATS charged him a fee for processing his credit card payment for the traffic ticket. *Id.* This Court certified several questions to the Florida Supreme Court, including the question: "Does [the plaintiff's] unjust enrichment claim fail because he received adequate consideration in exchange for the challenged fee

when he took advantage of the privilege of using his credit card to pay the penalty?" *Id.* at 1320–21.

In answering that question, the Florida Supreme Court explained that, even assuming Florida law bars a defendant from charging a convenience fee, it is not inequitable for the defendant to retain the fee because it provided the plaintiff value in exchange for the fee. *Pincus v. Am. Traffic Sols., Inc.*, 333 So.3d 1095, 1097 (Fla. 2022). Specifically, the Florida Supreme Court determined that the value that the plaintiff received in exchange for the convenience fee included: (1) not having to procure postage and a check or money order; (2) being able to pay the balance over time; (3) avoiding the risk of payment being delayed, stolen, or lost en route; (4) being afforded more time to make the payment because it would be received instantaneously; and (5) receiving immediate confirmation that the payment was received and the obligation to pay the penalty was fulfilled. *Id.* For these reasons, the Florida Supreme Court concluded that "it [was] not inequitable under the circumstances for ATS to retain the convenience fee because it first paid the value thereof to the plaintiff." *Id.* (cleaned up).

Upon remand to this Court, we concluded that the plaintiff received adequate consideration for paying a convenience fee to ATS and thus had failed to state a claim for unjust enrichment under Florida law. *Pincus*, 25 F.4th at 1340–41.

22-12426               Opinion of the Court                15

Mathis's allegations in Count 4 are nearly identical to the circumstances in *Pincus*.[2]  Like the *Pincus* plaintiff, Mathis paid the penalty electronically and alleged it was unjust for ATS to retain the convenience fee.  Mathis received the same benefits the *Pincus* plaintiff did in exchange for the convenience fee.  Because Mathis's Count 4 is foreclosed by *Pincus*, we conclude the district court did not err in dismissing Count 4 for failure to state a claim.

## IV.    CONCLUSION

We affirm the district court's dismissal of Mathis's amended complaint.

**AFFIRMED.**

_____

[2] Mathis's attempts to distinguish his claim from those present in *Pincus* are unavailing.  Mathis argues that his "claim differ[s] from the *Pincus* case because he married up his allegations as prescribe[d] . . . by the Florida Supreme Court." (Italics added.)  Mathis then quotes a paragraph from his amended complaint that alleged Mathis "conferred a monetary benefit on the Defendant, some or all of which was voluntarily retained by Defendant."  That argument evidences a misunderstanding of *Pincus*.  The Florida Supreme Court's reasoning did not turn on whether the plaintiff conferred a benefit upon the defendant (i.e., the first element for an unjust enrichment claim in Florida).  Instead, it turned on whether the defendant provided value in exchange for the benefit conferred by the plaintiff (i.e., the third element).  *See Pincus*, 333 So.3d at 1097 (reasoning that "ATS's retention of the fee [was] not inequitable because ATS gave value in exchange" for the convenience fee).