[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10955

_____

MICHELLE M. NEWBAUER,

Plaintiff-Appellant,

*versus*

CARNIVAL CORPORATION,
a Panamanian corporation doing business
as Carnival Cruise Lines,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-23757-RNS

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

LAGOA, Circuit Judge:

Michelle Newbauer appeals from the district court's dismissal of her complaint against Carnival Corporation for failure to state a claim. Newbauer contends that the district court erred in its dismissal because she pleaded sufficient facts to support the constructive notice element of her negligence claims. Alternatively, Newbauer argues that the district court erred in dismissing her complaint without first giving her an opportunity to amend. After careful review, and with the benefit of oral argument, we affirm the district court's dismissal.

## I.     FACTUAL AND PROCEDURAL BACKGROUND[1]

Carnival, a Panamanian corporation with its principal place of business in Miami, Florida, operates a number of cruise ships, including the *Magic*. Newbauer, a passenger onboard the *Magic*, "was walking on the Lido Deck of the vessel, near the Red Frog Bar, when she slipped on a liquid or wet, slippery transitory substance near the bar and fell." As a result of this fall, she sustained

---

[1] Because the procedural posture of this case involves a Federal Rule of Civil Procedure 12(b)(6) motion, we must accept the allegations of plaintiff's complaint as true. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). The facts set forth in this section of the opinion therefore are taken from the complaint and construed in the light most favorable to the plaintiff.

21-10955                Opinion of the Court                3

"serious injuries including a patellar subluxation and a lateral meniscus tear of the right knee, which was surgically repaired."

Newbauer filed a complaint against Carnival in the Southern District of Florida, asserting claims for negligent failure to maintain and negligent failure to warn. She alleged that "the liquid or wet, slippery transitory substance" she slipped on "was located in an area of the ship that was a high traffic dining area" such that Carnival "knew or should have known of the presence of the . . . substance." Newbauer further alleged that the substance "had existed for a sufficient period of time before [her] fall" such that Carnival had actual or constructive knowledge of its presence and the opportunity to correct or warn about the hazard. In the alternative, Newbauer alleged that Carnival had actual or constructive knowledge of the substance because of "the regularly and frequently recurring nature of the hazard in that area."

Carnival filed a motion to dismiss pursuant to Rule 12(b)(6), arguing that Newbauer failed to properly plead a negligence claim. Carnival contended that Newbauer's allegations were "insufficient, without more, to put Carnival on notice of the specific alleged dangerous condition" and did "not put forward any allegations as to the open and obvious nature of the hazard pled." Instead, Carnival argued that Newbauer's allegations were "nothing more than a boilerplate recitation of the elements [of a negligence claim] followed by mere conclusory statements," which were "wholly insufficient." Newbauer opposed Carnival's motion.

The district court granted Carnival's motion to dismiss. The district court found that Newbauer "failed to allege that Carnival was on either actual or constructive notice of the hazard in question" and thus failed to satisfy the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The district court noted that Newbauer had not alleged any facts in support of her claim that there were prior slip and fall incidents where she fell. As to her allegation about the highly trafficked dining area, the district court found that Newbauer mistakenly conflated foreseeability with actual or constructive notice and that she had not sufficiently pled that the high trafficked area gave Carnival actual or constructive notice of the wet substance at issue. And, as to her allegation about the length of time the hazard had been present, the district court determined that it was impossible to tell, based on Newbauer's sole conclusory statement, if the condition was present for seconds, minutes, or hours. Thus, the district court explained that while Newbauer's complaint made clear that it was "*possible*" Carnival was on notice, the complaint did not allege sufficient facts to state a claim that were "*plausible* on [their] face sufficient to survive a motion to dismiss." This appeal ensued.

## II.    STANDARD OF REVIEW

"We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff." *Chaparro v. Carnival Corp.*, 693

F.3d 1333, 1335 (11th Cir. 2012) (quoting *Cinotto v. Delta Air Lines Inc.*, 674 F.3d 1285, 1291 (11th Cir. 2012)).

## III.    ANALYSIS

On appeal, Newbauer contends that the district court erred in dismissing her complaint for failure to state a claim. Newbauer asserts that she pleaded sufficient facts under Rule 8(a)(2) to support the constructive notice element of her negligence claims. She also asserts that the district court applied a heightened pleading standard in contravention of Rule 8(a)(2).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard in Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Chaparro*, 693 F.3d at 1337 (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] complaint that provides 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' is not adequate to survive a Rule 12(b)(6) motion to dismiss." *Id.* (quoting *Twombly*, 550 U.S. at 555). Instead, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). To do so, "[a] facially plausible claim must allege facts that are more than merely *possible*," and a plaintiff's factual allegations that are "'merely consistent with' a defendant's liability" will not be considered facially plausible. *Id.* (emphasis added) (quoting *Iqbal*, 556 U.S. at 678). Indeed, "[a] claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. And "if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro*, 693 F.3d at 1337.

While "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). This analysis is not formulaic; instead, "[d]etermining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense" in reviewing the plaintiff's allegations. *Id.* at 679. Additionally, "[t]hreadbare recitals of the elements of a cause of action" and "conclusory statements" are insufficient. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). When evaluating a motion to dismiss, the first step is to "eliminate any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). The second step is to assume the veracity of well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters," and we "'rely on general principles of negligence law'" in analyzing those actions. *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Chaparro*, 693 F.3d at 1336). The elements of a negligence

claim are well settled: "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1253 (11th Cir. 2014) (quoting *Chaparro*, 693 F.3d at 1336). "With respect to the duty element in a maritime context, 'a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew.'" *Guevara*, 920 F.3d at 720 (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959)). "This standard 'requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of [a] risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure.'" *Id.* (alteration in original) (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)); *see also Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984) (explaining that a shipowner "is not liable to passengers as an insurer, but only for its negligence"). In order to survive Carnival's motion to dismiss, Newbauer therefore had to plead sufficient facts to support each element of her claim, including that Carnival had actual or constructive notice about the dangerous condition. *Amy v. Carnival Corp.*, 961 F.3d 1303, 1308 (11th Cir. 2020).

Actual notice exists when the defendant knows about the dangerous condition, and constructive notice exists where "the

shipowner ought to have known of the peril to its passengers." *Keefe*, 867 F.2d at 1322. A plaintiff "can establish constructive notice with evidence that the 'defective condition exist[ed] for a sufficient period of time to invite corrective measures.'" *Guevara*, 920 F.3d at 720 (alteration in original) (quoting *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 65 (2d Cir. 1988)). "Alternatively, a plaintiff can establish constructive notice with evidence of substantially similar incidents in which 'conditions substantially similar to the occurrence in question must have caused the prior accident.'" *Id.* (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661–62 (11th Cir. 1988)).

This appeal requires us to determine whether Newbauer alleged a facially plausible claim that Carnival knew or "ought to have known of" the hazardous wet surface that caused her to slip. *Keefe*, 867 F.2d at 1322. Reviewing Newbauer's complaint and accepting her allegations as true, we conclude that Newbauer failed to include any factual allegations that were sufficient to satisfy the pleading standard set forth in *Iqbal* and *Twombly* such that it is facially plausible that Carnival had actual or constructive notice of the dangerous condition. Rather, her complaint contains only conclusory allegations as to actual or constructive notice. For example, Newbauer alleged in her complaint that Carnival had constructive notice of the wet substance on the deck because it was in a "high traffic dining area," but she failed to provide any factual allegations supporting the notion that high traffic in the area gave Carnival notice of the condition. Similarly, while Newbauer alleged in

her complaint that the substance "had existed for a sufficient period of time before [her] fall" such that Carnival had constructive notice of its presence, she failed to allege any facts in support of this conclusory allegation. Likewise, Newbauer failed to allege a sufficient factual basis to support her conclusory allegation that Carnival had actual or constructive knowledge of the hazard based on the "regularly and frequently recurring nature of the hazard in that area." And "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which are noticeably absent from Newbauer's complaint. *Iqbal*, 556 U.S. at 679.

Newbauer argues, however, that her allegation that the wet substance was in a high traffic area supports the following series of inferences: (1) because the area was highly trafficked, crewmembers working in the nearby bars and restaurants would be present there; (2) before and at the time of her fall, crewmembers were staffing the surrounding bar and dining areas; and (3) those crewmembers had a clear, unobstructed view of the area in which she fell. Based on these inferences, Newbauer contends that Carnival had constructive notice of the wet substance on the deck.

Newbauer's argument is unpersuasive because she failed to allege any facts suggesting the amount of time the hazard existed on the deck before she fell or that there were crewmembers monitoring the area. Indeed, Newbauer's complaint did not allege any facts supporting the conclusions that the substance had been on the floor for a sufficient period of time to create constructive notice,

that this was a recurring issue, or that there may have been employees in the area who observed the hazard and failed to take corrective action.

Additionally, we conclude that Newbauer's reliance on this Court's decision in *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164 (11th Cir. 2021), is misplaced. *Yusko* reaffirmed that where, as here, a plaintiff is proceeding on a theory of direct liability against the shipowner for the negligent maintenance of the premises, the plaintiff must establish notice as part of her negligence claim. *Id.* at 1167–69. Here, Newbauer sued Carnival directly for negligent maintenance and failure to warn and has not raised any negligence claims under the theory of vicarious liability.

Finally, Newbauer asserts that the district court erred by not granting her leave to amend *sua sponte* before dismissing the complaint. But our precedent is clear that "[a] district court is not required to grant a plaintiff leave to amend [her] complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc). Because Newbauer never sought leave to amend the complaint, we conclude that there was no error.

## IV.    CONCLUSION

Accordingly, for the reasons stated, we conclude that the district court did not err in dismissing Newbauer's complaint, and we

21-10955                Opinion of the Court                11

affirm the district court's dismissal of Newbauer's complaint for failure to state a claim.

**AFFIRMED.**