[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12818

Non-Argument Calendar

_____

IVAN E. APONTE,

Plaintiff-Appellant,

*versus*

SECRETARY OF THE ARMY,
ATTORNEY GENERAL OF THE UNITED STATES,
U.S. ATTORNEY'S OFFICE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

D.C. Docket No. 4:21-cv-00193-CDL

_____

Before WILSON, ANDERSON, and HULL, Circuit Judges.

PER CURIAM:

Ivan E. Aponte, a former civilian employee of the Army, sued the Secretary of the Army, the U.S. Attorney General, and the U.S. Attorney's Office for discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA").  Aponte, proceeding pro se, appeals the district court's dismissal of his complaint for failure to exhaust his administrative remedies.  On appeal, Aponte argues that unforeseen extraordinary circumstances prevented him from timely filing his formal complaint with the Equal Employment Opportunity ("EEO") Office.  After thorough review, we affirm.

## I.    BACKGROUND

On October 1, 2018, the Army hired Aponte to work as an internal medicine physician at the Martin Army Community Hospital at Fort Benning, Georgia.  A few months later, on February 15, 2019, the Army terminated Aponte's employment for failure to maintain appropriate clinical privileges.

On March 6, 2019, Aponte contacted an EEO Counselor in the Army's EEO Office.  Aponte alleged that he was discriminated against on the basis of his race, sex, age, and national origin and subjected to a hostile work environment.  On April 4, 2019, the

EEO Office held its final interview with Aponte.  At that time, the EEO Counselor advised Aponte in writing of his right to file a formal complaint of discrimination within 15 days.

On April 20, 2019, Aponte mailed his formal complaint, which was received by the EEO Office on April 24, 2019.  On May 2, 2019, the EEO Office advised Aponte that it was dismissing his formal complaint because it was not timely filed.

On December 15, 2020, Aponte, proceeding pro se, filed this lawsuit.  A few weeks later, on January 8, 2021, Aponte amended his complaint.  Aponte alleged that, while employed at Fort Benning, the Army discriminated against him because of his race, sex, national origin, religion, age, and protected conduct and created a hostile work environment, in violation of Title VII and the ADEA.

On November 22, 2021, the defendants moved to dismiss the amended complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for Aponte's failure to exhaust administrative remedies before filing suit.  In opposition, Aponte urged the district court to apply equitable tolling because (1) his daughter had been sexually assaulted in late March 2019, (2) he fully cooperated with the EEO Office's investigation of his discrimination claims, (3) an EEO Office employee refused to accept his formal complaint on April 19 when he visited the EEO Office and instead told him to await an email with "further instructions," and (4) that same EEO Office employee did not respond when Aponte asked if the 15-day deadline could be extended because it fell on Good Friday.

On May 5, 2022, the district court ordered the parties "to conduct very limited discovery on the issue of what precisely . . . happened on April 19, 2019—who Aponte met, what (if anything) Aponte tried to file, and what Aponte was told." The district court also ordered the parties to file supplemental briefing after the close of the limited discovery period. Aponte apparently did not participate in discovery, and he filed an untimely supplemental brief.

On July 7, 2022, the district court granted defendants' motion to dismiss, finding that (1) Aponte had mailed his complaint to the EEO Office on April 20, which was one day after the deadline of April 19, and (2) Aponte had shown no extraordinary circumstances that warranted the application of equitable tolling. The district court entered final judgment, and Aponte timely appealed.

## II.    STANDARD OF REVIEW

"We review de novo the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022) (quotation marks omitted). We review de novo a district court's denial of equitable tolling, but we are bound by the district court's findings of fact unless they are clearly erroneous. *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1153 (11th Cir. 2005).

## III.    DISCUSSION

### A.    Time Requirements

Before an aggrieved federal employee may seek relief through the filing of a civil action in federal court, he or she must first seek relief in the agency that has allegedly engaged in discrimination. *See* 42 U.S.C. § 2000e-16(b). "This requirement is not a technicality; rather, it is part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel primary responsibility for maintaining nondiscrimination in employment." *Grier v. Sec'y of Army*, 799 F.2d 721, 724 (11th Cir. 1986) (alteration adopted) (quotation marks omitted).

The EEO Commission has promulgated regulations that govern employment at various federal agencies. *See* 29 C.F.R. § 1614.101 *et seq.* These regulations set forth the procedures and time deadlines that employees must follow in presenting discrimination claims to federal agencies. *Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1243 (11th Cir. 2012). These regulations provide that an aggrieved employee alleging discrimination must consult an EEO Counselor within 45 days of the effective date of the alleged discriminatory personnel action. 29 C.F.R. § 1614.105(a)(1). The purpose of this requirement is to allow the agency the opportunity to investigate the claim internally and "try to informally resolve the matter." *See id.* § 1614.105(a).

Within 30 days of the date the employee first contacted the EEO Office, the EEO Counselor must conduct a final interview with the employee. *Id.* § 1614.105(d). If the employee's claims remain unresolved, then the EEO Counselor must notify the employee in writing of his right to file a formal discrimination complaint. *Id.*[1] Aponte does not dispute that he received notice of that right on April 4, 2019.

Then, within 15 days of receiving that written notice from the EEO Counselor, the employee must file his formal complaint with the agency against which he alleges discrimination. *Id.* § 1614.106(a)–(c).

The employee's failure to comply with any of these time limits requires the agency to dismiss the complaint. *Id.* § 1614.107(a)(2). However, the administrative deadlines are not jurisdictional prerequisites and are subject to waiver, estoppel, and equitable tolling. *Id.* § 1614.604(c).

Generally, equitable tolling of a limitations period applies when the plaintiff demonstrates that an inequitable event prevented his timely action. *Booth v. Carnival Corp.*, 522 F.3d 1148, 1150 (11th Cir. 2008). In other words, "equitable tolling

---

[1] The notice must inform the employee "of the right to file a discrimination complaint within 15 days of receipt of the notice, of the appropriate official with whom to file a complaint[,] and of the [employee's] duty to assure that the agency is informed immediately if the [employee] retains counsel or a representative." 29 C.F.R. § 1614.105(d).

22-12818               Opinion of the Court                 7

requires the party seeking tolling to prove (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (quotation marks omitted). "In determining whether a plaintiff meets this burden, we must keep in mind that equitable tolling is an extraordinary remedy which should be extended only sparingly." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (cleaned up).

## B.    Aponte's Formal Complaint Was Untimely and Equitable Tolling Was Not Warranted

Aponte's formal complaint was not timely filed with the Army's EEO Office. Because Aponte received written notice of his right to file a formal complaint on April 4, 2019, the 15-day deadline for filing a formal complaint was April 19, 2019. *See* 29 C.F.R. § 1614.604(d). Although Aponte completed and signed his formal complaint on April 19, it was not postmarked until April 20 or received until April 24. Under the regulations, a document is "deemed timely if it is received or postmarked before the expiration of the applicable filing period." *Id.* § 1614.604(b). Accordingly, Aponte's mailing (and thereby filing) of his formal complaint on April 20 fell outside the 15-day period and was untimely under 29 C.F.R. § 1614.106(b).

The crux of Aponte's appeal, however, is that extraordinary circumstances should excuse his late filing. Specifically, Aponte argues that (1) he was "very cooperative" with the EEO Office

investigation; (2) the deadline for filing his formal complaint fell on a religious holiday (i.e., Good Friday), so he should be given a reasonable accommodation; and (3) the Army misled him.[2]  Based on these reasons, Aponte contends that "there is enough plausible data to apply the equitable doctrine in [his] favor."

We disagree.  In his supplemental brief before the district court, Aponte explained that he went to the EEO Office at Fort Benning on April 19, and an EEO Office employee expressly encouraged him to mail his formal complaint that day.  On appeal, Aponte again acknowledges that he was told to mail his formal complaint on April 19.  Yet Aponte did not mail the formal complaint that day as he was encouraged to do.  Instead, Aponte waited until the next day (April 20) to mail it.

Aponte offers no explanation for why he did not mail the formal complaint on April 19.  Since Good Friday is not a legal holiday, *see* Fed. R. Civ. P. 6(a)(6), the U.S. Postal Service was open, and Aponte did not show that he was prevented from accessing a postal facility on April 19.

---

[2] In addition, Aponte makes a passing reference to the fact that he started "medications due to a disability on April 13, 2019."  To the extent Aponte is offering this information as an additional reason in support of his equitable tolling argument, we will not entertain it on appeal because he did not raise it before the district court.  *Bryant v. Jones*, 575 F.3d 1281, 1308 (11th Cir. 2009) ("[L]egal theories and arguments not raised squarely before the district court cannot be broached for the first time on appeal.").

Moreover, Aponte offers no compelling explanation as to how the deadline being on a religious holiday prevented him from mailing the formal complaint in the 15 days before the April 19 deadline. *See, e.g.*, *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (rejecting a party's equitable-tolling argument where the party's "motion was late because his lawyer sent it by ordinary mail from Atlanta less than a week before it was due in Miami" and noting that "the problem was one that [the party's] counsel could have avoided by mailing the motion earlier").

Lastly, the district court found that Aponte "did not present any evidence that the Army misled him in any way or placed unreasonable obstacles in his way that prevented him from filing his complaint in a timely manner." That finding is supported by the record and is not clearly erroneous.

## IV.    CONCLUSION

For these reasons, we conclude that Aponte has not met his burden of showing that some extraordinary circumstance stood in the way of his timely filing the formal complaint. Therefore, we affirm the district court's dismissal of Aponte's complaint for failure to exhaust his administrative remedies.

**AFFIRMED.**