[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11084

Non-Argument Calendar

_____

ALBERONICK VALSAINT,

Plaintiff-Appellant,

*versus*

CITY OF MIAMI BEACH, FLORIDA,
a political subdivision,
GUSTAVO BLACIO,
JOHN DOE,
Officer,
DAVID CAJUSO,
ORLANDO SOSA JR.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-24143-RNS

_____

Before WILSON, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Alberonick Valsaint appeals the district court's dismissal of his claims concerning a 2017 incident with two City of Miami Beach police officers. Valsaint filed suit pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth, Eighth, and Fourteenth Amendment rights. The district court ordered Valsaint to show cause for why certain claims should not be dismissed as time-barred, among other reasons. After granting an extension, the court dismissed Valsaint's remaining claims four months later, without prejudice, for failure to show cause. Valsaint challenges this order.

After careful review, we affirm.

## I. Background

Valsaint's complaint involves two incidents, one in September 2017 and another in October 2018.[1] The first incident occurred

---

[1] We accept the complaint's factual allegations as true for purposes of Federal Rule of Civil Procedure 12(b)(6) review. *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022).

on or around the night of September 18, 2017. While Valsaint sat near a street corner, Officer Gustavo Blacio and an unidentified officer (John Doe) aggressively approached from behind. Officer John Doe had his firearm aimed at Valsaint. The officers demanded that Valsaint open his backpack to search for weapons, produce his identification, and answer several questions about his national origin and occupation. The second incident occurred the following year on October 25, 2018. Valsaint sat on the ground, lying against a wall near the back alley of a building. Just before 4:00 a.m., Officers Blacio and David Cajuso arrested Valsaint for trespassing after a warning. The officers handcuffed him, walked him to their van with no shoes on, and asked him questions about his national origin. The handcuffs left bruises and marks. Another officer, Officer Orlando Sosa, Jr., later signed Valsaint's arrest affidavit. Based upon these events, Valsaint filed a complaint with the Miami Beach Police Internal Affairs Department. However, the officers were neither disciplined nor reprimanded for their actions.

On November 24, 2021, Valsaint filed a pro se complaint against the City of Miami Beach and Officers Blacio, Cajuso, Sosa, and unidentified John Doe. The court granted Valsaint *in forma pauperis* status and referred him to the volunteer attorney program. Valsaint subsequently filed an amended complaint through counsel, alleging ten separate counts pursuant to 42 U.S.C. § 1983. Nine of the counts brought various claims against the officers, alleging violations of his Fourth, Eighth, and Fourteenth Amendment rights based upon the 2017 and 2018 incidents. The tenth count alleged municipal liability against the City of Miami Beach. The

named officers and City respectively moved to dismiss, which Valsaint opposed through counsel. The named officers and City then replied, wherein the officers raised a statute of limitations defense as to the 2017 incident for the first time.

On November 2, 2022, the district court entered an order that did two things. First, it dismissed the claims against the City for both incidents and dismissed the claims against the named officers as to the 2018 incident. *See* Fed. R. Civ. P. 12(b)(6). However, the court deferred ruling on the 2017 incident's claims. The court instead ordered Valsaint to show cause as to why the 2017 claims should not be dismissed as time-barred and then, specifically, why the claims against Officer John Doe should not be dismissed for failure to serve, identify, or describe the defendant.

Valsaint subsequently terminated his counsel. The court permitted counsel to withdraw and provided Valsaint until February 1, 2023, to obtain new counsel and February 15, 2023, to respond to the show cause order. Valsaint filed a letter on February 1, 2023, informing the court he would proceed pro se. Further, he told the court:

> I do not have any attorney to meet the February 15[], 2023 deadline that you set forth, so count me out of that. I am not an attorney, so I do not have the legal expertise to clean up the mess created by attorneys. The fallout of that motion is on the hands of the terminated attorneys assigned to this case.

On February 17, Valsaint filed a pro se "Motion to Compel Public Records Request" to obtain "the complete name and badge number of that unnamed Police Officer." The court struck the request as an unauthorized discovery motion filed against the court's discovery procedures order. One month later, the court entered its order dismissing the 2017 incident's claims without prejudice for failure to respond to the show cause order. Based upon his amended complaint, the court found that Valsaint filed the 2017 incident's claims beyond the statute of limitations and failed to identify or serve Officer John Doe.

Valsaint timely appealed and we also granted him *in forma pauperis* status. He proceeds once more with appointed counsel. On appeal, Valsaint argues that the district court erred in: (1) reaching the statute of limitations issue when the named officers first raised it in their reply; (2) finding that Valsaint's February 1 letter and February 17 motion did not adequately respond to the show cause order; and (3) dismissing after its show cause determination because the 2017 incident has not accrued and may be subject to equitable tolling.

## II.  Standard of Review

We review de novo the district court's dismissal for "failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022) (quotations omitted). A district court's ruling on the applicable statute of limitations is likewise subject to de novo review. *NE 32nd Street, LLC v.*

*United States*, 896 F.3d 1240, 1243 (11th Cir. 2018). Yet a district court's decision to dismiss a case for failure to comply with a show cause order is reviewed for an abuse of discretion. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1122 (11th Cir. 2017). And while we liberally construe pro se pleadings, courts cannot "rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

## III.  Discussion

Federal Rule of Civil Procedure 8(c) provides a non-exhaustive list of affirmative defenses that a party must raise in its responsive pleading. *See Jones v. Black*, 549 U.S. 199, 212 (2007). Statutes of limitations are one of the rule's enumerated defenses. Fed. R. Civ. P. 8(c)(1). The purpose of Rule 8(c) is to give the opposing party notice of the defense and an opportunity to respond. *Blonder-Tongue Lab'ys, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971). As a result, a statute of limitations defense is ordinarily forfeited if not raised in a defendant's responsive pleading, and the court may not "override a [party's] deliberate waiver of a limitations defense." *Day v. McDonough*, 547 U.S. 198, 202 (2006).

However, where a "complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6)." *LeFrere v. Quezada*, 582 F.3d 1260, 1263 (11th Cir. 2009). We apply this principle to a statute of limitations defense and allow dismissal "where it is apparent from the face of the complaint that the claim is time-barred." *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024) (per curiam) (quotation marks

omitted).  Thus, where a statute of limitations defense is facially apparent from the complaint, the district court may ordinarily consider its propriety—even when raised by means other than the responsive pleading, and particularly when the court affords the plaintiff an opportunity to respond and avoids potential prejudice. *See, e.g.*, *Grant v. Preferred Rsch., Inc.*, 885 F.2d 795, 797–98 (11th Cir. 1989); *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1321 n.4 (11th Cir. 2006).  This authority extends to the court's power to sua sponte dismiss *in forma pauperis* proceedings for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

Constitutional claims under § 1983 are subject to the forum's statute of limitations for general personal injury actions. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).  In Florida, the action must be brought within four years.  *See* Fla. Stat. § 95.11(3). When the limitations period begins to run is a matter of federal law, which accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Mullinax v. McElhenney*, 817 F.2d 711, 717 (11th Cir. 1987) (quotations omitted).

Here, the district court properly dismissed the complaint for failure to show cause.  As a preliminary matter, the court was well within its authority to order Valsaint show cause on the statute of limitations defense.  Valsaint's amended complaint explicitly listed September 18, 2017, as the date of the incident in question with sufficient facts to place Valsaint on notice of his rights.  *Id.* at 717.

He filed his complaint over four years later, beyond the statutory period for his § 1983 claims. *See* Fla. Stat. § 95.11(3). Subsequently, Valsaint was provided notice of the apparent time-bar and an opportunity to respond when ordered to show cause. *See Blonder-Tongue*, 402 U.S. at 350; *Wainberg*, 93 F.4th at 1224. Contrary to Valsaint's argument, we do not require that the district court blind itself to affirmative defenses raised by the parties, albeit in a subsequent pleading. Our case law supports a less stringent approach under Rule 8(c)—courts may entertain the motion where the plaintiff is not prejudiced, and there is no prejudice where there is notice and an opportunity to respond. *See Grant*, 885 F.2d 797–98; *Sweet*, 467 F.3d at 1321 n.4. Valsaint was provided just that. Moreover, the 2017 incident's claims were dismissed without prejudice, leaving him free to refile the suit.[2] Between Valsaint's *in forma pauperis* status and his notice and opportunity to respond, we see no error in the court ordering Valsaint to show cause on the statute of limitations defense.

We also find no abuse of discretion in the district court's dismissal for Valsaint's failure to respond to its show cause order. After Valsaint terminated his representation, the court allowed him three months to find new counsel, and provided an additional two weeks after that to respond to its order. In that time, Valsaint chose to proceed pro se; seemingly repudiated his responsibility to meet

---

[2] Because Valsaint failed to properly raise his equitable tolling arguments below, we decline to address them for the first time on appeal. *See Rukh v. Salus Rehab., LLC*, 963 F.3d 1089, 1110–11 (11th Cir. 2020).

the court's show cause deadline in his February 1 letter; and moved to compel discovery two days after the show cause deadline. Even liberally construed, these filings fail to provide an explanation for why his claims should not be time-barred.[3]

## IV.  Conclusion

We find that the district court properly ordered Valsaint to show cause as to the statute of limitations defense and see no abuse of discretion in its decision to dismiss without prejudice for his failure to respond. Accordingly, we affirm.

**AFFIRMED.**

---

[3] Valsaint's original counsel filed a show cause response "in an abundance of caution" while the motion to withdraw was pending. Counsel had heard nothing from Valsaint for several weeks and argued that, based on prior communications, Valsaint's limited means for filing and transportation, coupled with the COVID-19 pandemic, complicated his ability to file his claims. The district court was well within its discretion to find these reasons insufficient.