**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10325
Non-Argument Calendar
_____

ROY JOE DIXON,

*Plaintiff-Appellant,*

*versus*

STATE OF FLORIDA,

*Defendant,*

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

NEWREZ LLC,

d.b.a. Shellpoint Mortgage Servicing,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:24-cv-81189-AMC
_____

Before LUCK, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Roy Dixon Jr., proceeding pro se, appeals the district court's orders dismissing his third amended complaint with prejudice and denying his motion to vacate the district court's dismissal order. Dixon contends the district court improperly dismissed his complaint and should have provided him with an opportunity to respond to the defendants' motion to dismiss his complaint. After review,[1] we affirm.

Courts can dismiss complaints that fail to state a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint states a claim when it pleads factual allegations that "raise a right to relief above the speculative level" and render the complaint's claim for relief "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" and "formulaic recitation[s] of the elements of [] cause[s] of action" do not state a claim. *Id.* at 555.

Before dismissing a pro se party's complaint, a district court must explain the deficiencies in the pro se party's complaint and provide them with at least one opportunity to amend their complaint. *Woldeab v. Dekalb Cnty. Brd. Edu.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Thereafter, a district court may give the pro se party

---

[1] We review a district court's dismissal of a complaint for failure to state a claim or for lack of jurisdiction de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022); *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009).

additional opportunities to replead as justice requires. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132-33 (11th Cir. 2019); Fed. R. Civ. P. 15(a)(2). However, a district court can dismiss a pro se complaint with prejudice if amending the complaint would be futile. *Silberman*, 855 F.3d at 1133. A district court can also dismiss a pro se complaint with prejudice when the pro se party willfully fails to comply with the court's instructions and the district court explicitly or implicitly finds no lesser sanction will suffice. *Gratton v. Great Am. Commc'n*, 178 F.3d 1373, 1374 (11th Cir. 1999). In addition, when a district court explains the deficiencies in a plaintiff's complaint and the plaintiff does not address them in his amended complaint, the district court does not have to provide the plaintiff with an opportunity to respond before dismissing his complaint. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248-49 (11th Cir. 2015).

Justice did not require the district court to permit Dixon another opportunity to replead his claims because repleading them would have been futile and Dixon willfully failed to comply with the court's instructions regarding how he should replead his claims. Dixon repleading his claims would have been futile because all his claims are premised on his having legal ownership of the foreclosed house. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining under the *Rooker-Feldman* Doctrine, federal courts do not have jurisdiction over claims that (1) effectively seek federal review and rejection of a state-court judgment (2) that the state court entered before the federal proceedings commenced). For example, Dixon's civil RICO claims (Counts 1 and 2) are premised on Dixon rightfully owning the house because the

defendants could not work with Bank of America to "fraudulently foreclose" on the house unless Dixon rightfully owned it. Similarly, Dixon's civil theft claim (Count 3) presumes he was entitled to all the funds from the foreclosure sale, which would only be possible if he rightfully owned the house. *See United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (stating a civil theft claim under Florida law requires a plaintiff plausibly allege the defendant (1) knowingly; (2) obtained or used the plaintiff's property; (3) with felonious intent; (4) to deprive the plaintiff of his property or appropriate the property for the use of someone not entitled to it). Finally, although it is not entirely clear how Dixon believes the defendants defrauded him (Counts 4 and 5), it appears that Dixon is alleging the defendants lied to him about their involvement in the foreclosure sale and thereby escaped liability for their involvement in wrongfully selling his house. If so, Dixon's fraud and fraudulent misrepresentation claims are also premised on Dixon rightfully owning the house because the defendants could only be liable to Dixon for wrongfully selling the house if Dixon owned it. Thus, each of Dixon's claims are premised on the state court's determination that he had no legal right to the house being incorrect.

Because Dixon premises all his claims on the state court's determination being incorrect and explicitly asks the district court to award him the payment from the foreclosure sale, Dixon's complaint invites federal review and rejection of the state court's foreclosure judgment. Furthermore, the state court entered its judgment on September 26, 2019, before Dixon commenced this action on September 27, 2024. Accordingly, the *Rooker-Feldman* Doctrine

bars all of Dixon's claims.  *See Exxon Mobil Corp.*, 544 U.S. at 284. As a result, even if Dixon properly pled his claims, they would be subject to dismissal.  Consequently, allowing Dixon to replead his claims would be futile, and the district court did not err by dismissing Dixon's complaint with prejudice.  *See Silberman*, 855 F.3d at 1132-33

Additionally, Dixon willfully failed to comply with the court's instructions because he continued pleading his claims in an insufficient and conclusory manner in his third amended complaint.  For example, Dixon failed to comply with the court's instructions to allege facts that show the defendants engaged in a pattern of racketeering because the crimes he alleged the defendant committed in his third amended complaint were only separated by about two months, which is insufficient to plausibly allege a pattern of racketeering.  *See Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1264, 1266-67 (11th Cir. 2004) (alleging an ongoing pattern of criminal activity requires alleging the defendants have committed at least two crimes separated by a substantial period of time and holding nine months is not a substantial period of time).  Dixon also failed to plausibly allege the defendants engaged in criminal conduct of a continuing nature because all of the wire frauds he alleged arise out of the same transaction, the sale of the house.  *See Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1216 (11th Cir. 2020) (stating crimes that arise from the same transaction do not sufficiently allege criminal conduct of a continuing nature).  Thus, Dixon failed to comply with the court's instruction to allege facts that show the defendants engaged in criminal conduct of a continuing nature.

Accordingly, Dixon failed to comply with the court's instructions on how to sufficiently plead his RICO claims (Counts 1 and 2).

In addition, Dixon ignored the court's instructions on how to plead his other claims. For his civil theft claim (Count 3), Dixon continued to simply assert the defendants stole the foreclosure sale proceeds with "felonious intent" in his third amended complaint, something the district court specifically instructed him not to do. Because a court cannot infer the defendants acted with felonious intent from Dixon's mere assertion, this allegation remains conclusory and Dixon's third amended complaint does not state a civil theft claim. *See Mazer*, 556 F.3d at 1270; *see also Twombly*, 550 U.S. at 555. For his fraud and fraudulent misrepresentation claims (Counts 4 and 5), Dixon disregarded the court's instructions by simply asserting all four of the elements the district court instructed him to plead as true, rather than alleging facts that would meet those elements. Because a court cannot infer any of these elements from Dixon's mere assertions, all four allegations are conclusory and thus Dixon's third amended complaint does not state a claim for fraud or fraudulent misrepresentation. *See Thompkins v. Lil' Joe Recs., Inc.*, 476 F.3d 1294, 1315 (11th Cir. 2007) (providing both fraud claims and fraudulent inducement claims under Florida law require a plaintiff allege (1) the defendant made a false statement regarding a material fact; (2) the defendant knew the statement was false; (3) the defendant intended the plaintiff to rely on his statement; and (4) the plaintiff suffered damages because he relied on the statement). Thus, the district court did not err in determining

that none of Dixon's counts state a claim and he failed to comply with its instructions in pleading any of his counts.

Dixon's failure to comply with the court's instructions was willful because his third amended complaint in this case repeated the same errors this Court identified in his complaint in his 2019 complaint—insufficiently alleging a pattern of racketeering activity, using conclusory allegations to support his civil theft claim, and alleging fraud in a conclusory manner. *Dixon v. Green Tree Serv., LLC*, 859 F. Appx. 373, 376-77 (11th Cir. 2021) (unpublished). Furthermore, the district court implicitly found that no sanction less than dismissal with prejudice would address Dixon's conduct when it stated there was no basis for believing he could state a viable cause of action. Accordingly, the district court did not err by dismissing Dixon's complaint with prejudice. *See Gratton*, 178 F.3d at 1374. Furthermore, because Dixon did not address errors the district court identified in his original complaint, the district court did not violate Dixon's due process rights by dismissing his claims before he had a chance to respond to the defendants' motion to dismiss. *See Surtain*, 789 F.3d at 1248-49.

Accordingly, we affirm.

**AFFIRMED.**