**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12148

Non-Argument Calendar

————————————

STANLEY CICHOWSKI, JR.,
KEVIN CICHOWSKI,

*Plaintiffs-Appellants,*

*versus*

JUDGE MELISSA DISTLER,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:25-cv-00302-TJC-LLL

————————————

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Stanley and Kevin Cichowski appeal the district court's dismissal without prejudice of their *pro se* civil suit against Florida

state court Judge Melissa Distler for alleged due process violations and "retaliation." Specifically, the district court concluded that it lacked subject matter jurisdiction under the *Younger*[1] abstention doctrine over Stanley's claim. As for Kevin's claim, the court concluded that he failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) because Judge Distler was entitled to judicial immunity, and that leave to amend was not warranted because amendment would be futile. Stanley and Kevin argue on appeal that the district court misapplied the *Younger* abstention doctrine, and that Judge Distler is not entitled to judicial immunity. After review, we affirm.

## I.    Background

Stanley and Kevin Cichowski filed a *pro se* civil complaint against Florida Judge Melissa Distler alleging that Judge Distler had violated their due process rights. Specifically, they alleged in a single sentence that "Judge Distler lied about [Stanley] attending a hearing" in a state court matter in February 2024 and "then took retaliation on Kevin." They did not explain what retaliation against Kevin allegedly occurred. As relief, they sought "court costs only at this time." They attached to their complaint a copy of an appellate brief from a pending civil state court case in which Discover Bank sued Stanley, and summary disposition was granted in that case to Discover Bank by Judge Distler. The brief indicates that Stanley appealed the summary disposition, arguing, in

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

relevant part, that Judge Distler "lied" in the order when she stated that Stanley failed to appear for a hearing.

Judge Distler filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). She argued that the district court lacked subject matter jurisdiction over Stanley's claim under the *Younger* abstention doctrine because (1) he ultimately sought to challenge the summary final disposition in the *Discover Bank* state court case; (2) that case was currently on appeal to Florida's Fifth District Court of Appeal; and (3) the state proceedings provided him with an adequate remedy for the alleged due process violation.[2] To the extent that the Cichowskis sought monetary damages, Judge Distler asserted that they failed to state a claim upon which relief could be granted because she was entitled to judicial immunity. Finally, she alleged that Stanley failed to allege sufficient facts to state a viable due process claim, and that Kevin failed to allege a claim because the complaint did not explain how Judge Distler allegedly retaliated against Kevin or how his due process rights were violated.

In response to the motion to dismiss, the Cichowskis alleged that Stanley had sued the initial presiding judge in the *Discover Bank* case, Judge Totten, in order "to clarify rules in the courtroom," and Judge Distler was assigned to take over the *Discover Bank* case. Stanley alleged that Judge Distler, upset with the lawsuit, "took away [Stanley's] right to due process, when she lied about his

---

[2] Judge Distler requested that the district court take judicial notice of the underlying state court proceedings.

attendance at [the state court] hearing." Stanley noted that "the only real proof" he could get to show he was at the hearing would be "camera footage proving his attendance," which "require[d] a court order from [the district] court." As for Kevin's claim, the Cichowskis alleged that Kevin was arrested in September 2024, and Judge Distler allegedly made his bail "15x what he [could] reasonably pay, in retaliation" for Stanley's lawsuit against Judge Totten.[3] They alleged that Judge Distler's actions violated the Constitution, and she should not be entitled to judicial immunity.

The district court granted Judge Distler's motion to dismiss. The district court concluded that it lacked jurisdiction over Stanley's claim under the *Younger* abstention doctrine because Stanley had a parallel, ongoing state court proceeding involving the same issue. The district court explained that any claims Stanley had as to why Judge Distler's order should be reversed must be raised in the state court proceeding.[4] As for Kevin's claim, the district court concluded that Kevin failed to state a claim upon which relief could be granted. The court explained that, even if Kevin was allowed to amend the complaint to include the allegations related to Judge Distler's actions in setting his bail,

---

[3] The Cichowskis included significant discussion of Florida law concerning bail and alleged that Kevin's bail was unreasonable and excessive for various reasons.

[4] The district court also noted in a footnote that, to the extent Stanley sought monetary damages, "the [c]ourt would find his claim barred by judicial immunity."

Judge Distler had judicial immunity.[5] The court further explained that the Cichowskis had not sought to amend their complaint, and in any event allowing amendment would be futile. Accordingly, the district court dismissed the claims without prejudice. This appeal followed.

## II.    Discussion

The Cichowskis argue on appeal that the district court misapplied the *Younger* abstention doctrine, and that Judge Distler is not entitled to judicial immunity. We first address the dismissal of Stanley's claim and then address Kevin's claim.

### A.  Stanley's Claim

The *Younger* abstention doctrine "requires a federal court to abstain where a plaintiff's federal claims could be adjudicated in a pending state judicial proceeding." *Leonard v. Ala. State Bd. of Pharmacy*, 61 F.4th 902, 907 (11th Cir. 2023) (quotations omitted). "Although *Younger* concerned state criminal proceedings, its principles are fully applicable to noncriminal judicial proceedings when important state interests are involved." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (quotations omitted). Thus, when, as here, a federal lawsuit overlaps with a state court civil proceeding involving a challenge to a state court order,

---

[5] The district court also noted that, to the extent that Kevin sought to alter the state bond decision, such a claim would be barred by the *Younger* abstention doctrine as well as potentially several other preclusion doctrines.

the federal court must consider whether the three factors enumerated in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982), are present: First, is the state proceeding "ongoing" at the same time as the federal one? Second, does the state proceeding implicate an "important state interest"? And third, does the state proceeding provide an "adequate opportunity" to raise the federal claim?

*Leonard*, 61 F.4th at 908. When the state court proceeding meets these three factors, the federal court should abstain. *Id.* We review an abstention decision under *Younger* for abuse of discretion. *Id.* at 907.

We conclude that the district court did not abuse its discretion in abstaining from exercising jurisdiction over Stanley's due process claim. It is undisputed that there was an ongoing, parallel state proceeding involving the same claim that Judge Distler "lied" and violated Stanley's rights in the state court case, and if the district court had adjudicated Stanley's claim on the merits it would have necessarily interfered with that ongoing state appeal.[6] *See 31 Foster Children*, 329 F.3d at 1276 (explaining that the

---

[6] Stanley argues that all he sought was an order for the state court's surveillance footage to demonstrate that he attended the state court hearing, which would not have interfered with the ongoing state proceeding in *Discover Bank*. But his argument ignores that he sought the video in order to prove that Judge Distler "lied" in the *Discover Bank* case when she stated in the summary disposition order that he did not appear for a hearing, and he ultimately sought to overturn that ruling due to the alleged lie. Therefore, we

focus of the first *Middlesex* factor is on "the relief requested and the effect it would have on the state proceedings"). Thus, the first factor is satisfied.

The second *Middlesex* factor is also satisfied because the state court clearly has an important state interest in the validity of its judgments and in enforcing state court orders. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12–13 (1987) ("This Court repeatedly has recognized that the States have important interests in administering certain aspects of their judicial systems.").

Finally, the third *Middlesex* factor is plainly satisfied because the state court proceedings provide Stanley with an adequate opportunity to assert his due process violation. *See Leonard*, 61 F.4th at 908 (explaining that the state proceeding provides an adequate opportunity if "the challenge can be raised in the pending state proceedings at all" (emphasis omitted) (alteration adopted) (quotations omitted)). Accordingly, because all three *Middlesex* factors were satisfied, the district court did not abuse its discretion

---

have no trouble concluding that even just an order compelling production of the surveillance footage would have "indirectly accomplished the kind of interference that *Younger v. Harris* . . . and related cases sought to prevent." *31 Foster Children*, 329 F.3d at 1276 (alteration adopted) (quotations omitted); *id.* ("The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required."); *see also Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) ("We conclude that *Younger* principles apply to actions at law as well as for injunctive or declaratory relief because a determination that the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings.").

in abstaining from exercising jurisdiction over Stanley's claim. *Leonard*, 61 F.4th at 908.

## B. Kevin's Claim

"We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022).

Although a complaint need not set forth detailed factual allegations, to survive a motion to dismiss, the plaintiff must allege sufficient facts to render the claim "plausible on its face."[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Stating a plausible claim for relief requires pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "If the complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6)." *LeFrere v. Quezada*, 582 F.3d 1260, 1263 (11th Cir. 2009). Accordingly, a district court may dismiss claims under Rule

---

[7] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotations omitted). Nevertheless, although we liberally construe *pro se* pleadings, the Court will not "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotations omitted).

12(b)(6) that are clearly barred by judicial immunity.  *See Sibley v. Lando*, 437 F.3d 1067, 1070 n.2 (11th Cir. 2005).

Judges are entitled to absolute immunity for actions they take in their judicial capacity unless they act in "clear absence of all jurisdiction."  *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted).  "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."  *Id.*

> Whether a judge's actions were made while acting in [her] judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

*Sibley*, 437 F.3d at 1070.[8]

---

[8] We note that judicial immunity does not protect a state court judge from claims for injunctive relief.  *See Pulliam v. Allen*, 466 U.S. 522, 542 (1984).  However, Congress has amended § 1983 to bar claims for injunctive relief against judges acting in their judicial capacity unless "'a declaratory decree was violated or declaratory relief was unavailable.'"  *Bolin*, 225 F.3d at 1239 (quoting 42 U.S.C. § 1983).  It does not appear that Kevin sought injunctive relief.  Therefore, we do not address whether any claims for injunctive relief would be barred.  We note, however, that Kevin did not include any allegations that "a declaratory decree was violated or [that] declaratory relief was unavailable," which would be prerequisites to injunctive relief against a state court judge.  *Id.*

Finally, "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). An opportunity to amend need not be given, however, "where amendment would be futile." *Id.* (quotations omitted). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (quotations omitted).

Here, the district court did not err in dismissing Kevin's claim for failure to state a claim upon which relief could be granted. The complaint included no factual allegations as to how Judge Distler retaliated against him. Instead, he merely asserted without any explanation or context that Judge Distler "took retaliation" on him. Thus, he failed to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Second, an opportunity to amend was not required because amendment would have been futile given that Kevin's claim was clearly barred by judicial immunity. Specifically, in the response to the motion to dismiss, Kevin clarified that his retaliation claim was based on Judge Distler's allegedly excessive bail decision in Kevin's state court criminal proceeding. Setting bail in a criminal proceeding is a normal judicial function that was made in Judge Distler's judicial capacity in a matter pending before her; therefore,

she did not act in "the clear absence of all jurisdiction." *Bolin*, 225 F.3d at 1239. Thus, Judge Distler is entitled to judicial immunity and leave to amend was futile. *Id.*; *Silberman*, 927 F.3d at 1133 ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed." (quotations omitted)). Accordingly, the district court properly dismissed this claim.

**AFFIRMED.**